## MIALHI v. LASSABE.

1. When a sum of money is paid in part performance of a verbal contract, for the purchase of land, and the purchaser files a bill for specific performance and general relief, the vendor, if he relies on the statute of frauds as a bar to the performance of the contract, will be decreed to repay the sum received, with interest, although by the void contract it was to be forfeited unless other payments were made at other periods. When the defendant elects to consider such a

contract as void, it is so in all its parts, and the vendor has no equity under such circumstances as will authorize an account to be taken of his losses, by reason of keeping the premises, contracted to be sold, unoccupied during the time he waited for the complainant to perform the contract, nor to have the same deducted from the sum received from the purchaser.

WRIT of Error to the Court of Chancery for the First District of the Southern Division.

The complainant seeks a specific performance from the defendant of a contract, for the sale of certain real estate, in the City of Mobile ; and in the event, the defendant is unable to give the title contracted for, that the sum of five hundred dollars paid on the contract may be refunded.

The answer admits, that there was a verbal contract between the parties, but insists it was different from that set out in the bill.   The contract admitted is set out, but the defendant insists on the statute of frauds, as a sufficient reason why performance should not be decreed.   The answer also insists, that the complainant would not comply with the contract as it was actually made, and that afterwards the parties entered into a new contract, with reference to a part only of the premises owned by the first.   By this new contract, the complainant was to pay five hundred dollars in cash, which was to be forfeited if the other terms were not complied with.   Five hundred dollars was to be paid on the 1st October, 1836, when the defendant was to deliver the possession, and seventeen hundred and twenty-eight dollars in one year from that time.   The answer denies, that the complainant ever performed any part of the original, or of the substituted contract, except the payment of the five hundred dollars, under the latter, and this sum the defendant insists, he is entitled to retain, under the substituted contract.

The defendant, in conclusion, pleads the statute of frauds, and insists upon it as a defence to the bill.

No evidence was taken on behalf of the complainant, and that for defendant does not prove that the five hundred dollars paid, was to be forfeited, if the other stipulations were not complied with.   It does, however, establish, that several conversations were had between the parties, in which the plaintiff

admitted his inability to comply with the contract, and the defendant offered to return half the said sum paid, if the contract could be rescinded. The evidence also showed a matter not put in issue by the answer ; that is, that the premises had remained without a tenant for fourteen months in consequence of the defendant waiting on the complainant to comply with the contract.

Under these circumstances, the Chancellor decreed, that an account should be taken of what the defendant had lost in consequence of the premises being without a tenant, and that the complainant should have a decree for the sum paid by him on the contract, with interest, after deducting the amount for rents lost.

The complainant prosecutes this writ of error, and insists, that the decree should have been for the non-payment of the money paid by him with interest.

STEWART, for the plaintiff in error.
CAMPBELL, contra.

GOLDTHWAITE, J. — It is, perhaps, necessary that we should advert to the principle on which the decree in this case is based, previous to considering the modification which the Chancellor gave to it, and in which we do not concur.

Ordinarily, when a bill is filed for a specific performance, and it is dismissed, nothing more is settled by the decree, than that the case is one in which equity will not interpose its extraordinary powers. But there are cases in which a decree may deny a specific performance, and also give relief, or great injustice would be the consequence. A case of this sort, of very ready comprehension, is when time is inserted as a condition, and a payment is made, which is to be forfeited if the purchaser does not make other payments within limited periods. In such a case the vendor at law is discharged from the contract, and possibly he may also be discharged in equity, but he clearly cannot in equity retain the money paid to him, any further than is necessary to save him harmless from all losses actually sustained. [Vernon v. Stephens, 2 P. Wms. 66 ; Mess v. Matthews, 3 Ves. Jr. 279.]

Mialhi v. Lassabe.

It is true, that here the complainant might have brought his action to recover the money paid, and thus have disaffirmed the verbal contract, but he was not bound to do so ; instead of that, he files his bill, and thus offers to the defendant either to comply with the verbal contract, or to rescind it by insisting on the statute as a bar.   The defendant avails of the bar, and consequently there is no pretence for saying, that he can have any rights under the contract.

It is sufficient that the defendant elects to consider the contract as void ; after this the money is money received to the complainant's use, and there is no reason why he should be put to two suits ; one in equity to compel the defendant to perform the contract, if he will, and the other at law, to get his money back, ·after the defendant has, in effect, admitted that he has no claim to it.   Let ·it be conceded that the rents have been lost in consequence of this contract, no injustice is done to the defendant, if the complainant is ready and willing to carry it out.   But when the defendant declines to do this, there is no color for him to assert that he is injured by the contract not having been complied with.

When he refuses to execute it, the presumption is equally reasonable that the appreciation in value of the property contracted for, is more than equivalent to the loss sustained by its remaining unoccupied.

The decree must be reversed, and here rendered in favor of the complainant for five hundred dollars, with interest from the thirty-first of August, 1836, the time when the money was paid.