## Masson and Besanson's Appeal.

1. When a court of equity has jurisdiction, if the relief prayed for cannot be granted, compensation in damages may be awarded in lieu thereof.

2. Parties agreed to erect a party-wall, each to build a portion specified; one refused, and the other erected the whole wall; the one then commenced to use the party-wall for his building; the other brought a bill to restrain him; pending the dispute, they agreed that the defendant might go on with his building, giving bonds for such sum as might be adjudged to the plaintiff, and the injunction was therefore withheld. *Held,* That as the specific relief asked, therefore, could not be granted, the court "both inherently and by virtue of the agreement," had power to ascertain and award compensation.

3. The plaintiff having finished the wall under the agreement, it was his own until paid for, and the threatened act of defendant of breaking into the wall might be restrained.

4. Equity will restrain a trespass of a permanent nature; an action for damages in such case not being an adequate remedy, as in case of a temporary trespass.

October — 1871. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Appeal from the Court of Common Pleas of *Crawford county:* In Equity: No. 174, to October and November Term 1870.

This was a bill filed August 22d 1867, by H. S. Huidekoper and F. W. Huidekoper against Lewis Masson and Alexander Besanson.

The bill set out that the plaintiffs, being the owners of two adjoining lots on Chestnut street, Meadville, sold the westernmost lot to the defendants; that they entered into an agreement with the defendants, by which the defendants stipulated to build on the line the foundation-wall for two houses, one to be erected by the plaintiffs and the other by the defendants on their respective lots, for which the plaintiffs as their share, were to pay to the defendants $250, which the plaintiffs paid, and both parties were to have an equal interest in the foundation-wall; that it was further agreed that the plaintiffs should erect, at their own expense, their west wall of brick 14 feet in height, and the defendants were to continue it 14 feet higher, the plaintiffs paying to the defendants 50 cents per thousand for all the bricks used in the second 14 feet; a third story to be erected at the equal expense of the parties; that the plaintiffs erected the first 14 feet, and notified the defendants to erect the second 14 feet, but they refused to do so, and the plaintiffs finished the whole wall; that the defendants were preparing to build into the wall, "with a view to enjoy all the rights to which they would have been entitled had they performed their contract;" that the plaintiffs gave defendants notice not to interfere with the wall until they had complied with the contract, but that notwithstanding they were breaking into the wall.

The prayers were:—

1. For a decree that the defendants were trespassers, &c.

2. For an injunction preliminary until hearing and perpetual afterwards, restraining the defendants from interfering with the wall in any way.

3. For general relief.

A hearing was appointed for August 23d 1867, when, by agreement of parties, "no order was granted, but a bond was signed by respondents, with approved security, conditioned for the payment of whatever sum might be adjudged in favor of complainants, the same to be without prejudice to the rights of parties. The case to proceed as if no bond had been given, and preliminary injunction had issued."

They further agreed at the same time, "that John Henderson be appointed to take the testimony of the witnesses in this case, and to be read upon the hearing, the complainants to close upon Friday, the 24th instant, the respondents to close upon the 27th instant, and the matter to be heard upon the 28th instant, upon the merits of the case, the same as though answer had been filed and issue formally joined, the respondents reserving the right to put in an answer in the mean time, to have all the effect of an answer in equity, and also reserving any and all manner of objections that may be raised and set up in this case."

The defendants filed a bond in accordance with the agreement.

On the 14th of December 1869, the defendants filed a demurrer, that the plaintiffs had a complete remedy at law. The demurrer was overruled on the 24th of March 1870, and on the 11th of April defendants put in an answer, by which they admitted most of the allegations of the bill, but averred that when they purchased the lot, and before building the foundation-wall, part of the inducement was that the plaintiffs would convey to them an equal right to use the stairway between the buildings of the parties; that there was to be a doorway from the second story of the plaintiffs' buildings to the defendants', which was at all times open to the defendants; that when the agreement was made to build the foundation on which the partition-wall was to rest, it was agreed the defendants should have the use of the stairway; that the agreement for building the partition-wall, as set out in the bill, was on the express condition that the right to the use of the stairway should be conveyed to the defendants in writing; that on the completion of the first 14 feet of the wall, the defendants offered to go on with the second 14 feet, upon receiving a conveyance in writing of the right to the stairway; that the plaintiffs refused to give such conveyance, and the defendants withdrew from the arrangement, and gave the plaintiffs notice that they would not build the second 14 feet, and would hold themselves discharged from their contract, unless the plaintiffs complied with contract as to the stairway; that the refusal of the

plaintiffs made it necessary for the defendants to build a stairway; that the wall built by plaintiffs was not perpendicular, and the defendants therefore were compelled to put up studding to straighten the partition on their side; that they suffered damage by the plaintiffs' failure to perform their contract, to the amount of $1500.

Testimony was taken, and the case referred to George Bemus, Esq., as master. He found the sale of the lot by the plaintiffs to the defendants, the agreement as to building the foundation and partition-walls, as set out in the bill, "that the plaintiffs carried out their contract in that behalf, and that the defendants failed upon their part; that the plaintiffs at their own expense erected the three entire stories of the party-wall; that the defendants commenced building into the partition-wall and were notified by the plaintiffs not to proceed; but they went on, and that an injunction being asked for, it was not issued in accordance with the agreement of the parties as above stated."

He further found that the partition-wall was erected by the plaintiffs at an expense of $1488; and that there was no contract in relation to the stairway, as averred in the defendants' answer.

Under the general prayer for relief he decided as follows: "that the defendants pay to the plaintiffs the sum of $744, it being one-half the expense of the erection of the party-wall," with interest from January 1st 1868, and costs.

Exceptions were filed by the defendants to the report of the master; they were overruled, and a decree made as reported by the master.

In making the decree, the court (Johnston, P. J.) delivered the following opinion:—

"We are of the opinion that this was not in the first instance a case for equitable interposition. At least our doubts as to the right to appeal to a chancellor are so great that we think we would have dismissed the bill. But we think parties may consent to have their rights passed upon in the equity side of the court even when they could have demanded a trial at law.

"The agreement of April 22d 1868, stipulates that the case shall be heard upon its merits, reserving a right to the defendants to put in an answer if they desired. The reservation of any and all manner of objections that may be raised or set up in this case can only mean such as go to the merits of the case, or else the agreement is useless and ought not to have been filed.

"We are then of the opinion that the proceedings were properly referred to a master, and upon the testimony we see no reason to disagree with the report. If the court has jurisdiction in equity, it had power to dispose of any question in the case, and among them the amount due complainants from respondents. Let a decree be entered according to the conclusions of the master, and as reported by him."

The defendants appealed, and assigned the decree for error.

*William R. Bole*, for appellants.—The alleged injury was not irreparable; it could be compensated in damages, and therefore not a case for equity: Brown's Appeal, 12 P. F. Smith 17; Hagner *v.* Heyberger, 7 W. & S. 104; Grey *v.* Ohio & P. Railroad, 1 Grant 412; Richards' Appeal, 7 P. F. Smith 105; Hilliard on Injunction 271; Adams's Equity 485; Fonblanque's Equity 5; 2 Story's Eq. Jur., § 925; Coe *v.* Lake, 37 N. H. 254. The case should have been submitted to a jury: N. Penna. Coal Co. *v.* Snowden, 6 Wright 488.

*S. Newton Pettis* (with whom was *M. Park Davis*), for appellees.—The case is included in the equity powers conferred by Acts of June 16th 1836, § 13, Pamph. L. 789; June 13th 1840, § 33, Pamph. L. 671; 14th February 1859, § 1, Pamph. L. 39; 1 Br. Purdon 589–592, pl. 1, 3, 8. When the relief is for restraining an injurious act, equity will interpose: 3 Daniel Ch. 183. Contribution may be decreed under a bill for injunction: Willard's Eq. Jur. 115; Campbell *v.* Maiser, 4 Johns. Ch. 333; s. c. 6 Id. 23; Dering *v.* Winchelsea, 1 Cox's Cases 318; Sutcliff *v.* Isaacs, 1 Pars. R. 494; Attorney-General *v.* Nichol, 16 Ves. 332; Davids *v.* Harris, 9 Barr 501; Hunter's Appeal, 4 Wright 191; Clark *v.* Martin, 13 Id. 289; Barret *v.* Blagrave, 5 Vesey 555; Stuyvesant *v.* New York, 11 Paige 415; Vollmer's Appeal, 11 P. F. Smith 118. Building in violation of an agreement may be restrained: Cole *v.* Sims, 23 Eng. L. & Eq. R. 384. The whole matter was properly referred to a master: Kentucky Bank *v.* Schuylkill Bank, 1 Pars. R. 180. Equity having obtained jurisdiction, disposes of all subjects in controversy: McGowin *v.* Remington, 2 Jones 56; J. C. Slemmer's Appeal, 8 P. F. Smith 168; Chapman *v.* Railroad, 6 Critchfield's R. 120; 2 Story's Eq. Jur., § 794; Cox *v.* Willetts, 9 Am. L. Journ. 327.

The opinion of the court was delivered, January 9th 1872, by

SHARSWOOD, J.—It must be admitted that if the court below had jurisdiction of the cause of complaint set forth in the original bill, the final decree entered was entirely within their power. It is well established that wherever a court of equity has jurisdiction, if the relief prayed for cannot for some reason be granted, a compensation in damages may be awarded in lieu thereof. Thus if a plaintiff was originally entitled to specific performance of a contract of sale, but it so happens that before the final decree it becomes impracticable for the defendant to make a conveyance, so that the specific relief prayed for in the bill cannot be decreed, the court will not turn the plaintiff over to seek his damages in

[Masson's Appeal.]

an action at law, but will proceed directly to decree him compensation : Dent *v.* Stuart, cited 1 Ves. Jur. 329 ; Greenaway *v.* Adams, 12 Ves. 395 ; Phillips *v.* Thompson, 1 Johns. Ch. Rep. 131 ; Woodcock *v.* Bennett, 1 Cowan 711. In the case before us, therefore, if there was originally jurisdiction to award the injunction prayed for, and the defendant, in order to prevent a preliminary injunction from issuing, when a motion for such an injunction was pending, agreed to pay whatever damages might ultimately be awarded, and on this footing the injunction was withheld, and he was allowed to go on and finish his building then in progress, it is very plain that by this means it was no longer in the power of the court to decree the specific relief originally prayed for, and as a necessary consequence, both inherently and by virtue of the agreement of the defendant, they had power to ascertain and award compensation in damages.

Had, then, the court below jurisdiction of the cause of complaint set forth in the original bill ? The plaintiff and defendant had agreed to build a party-wall between two adjoining houses intended to be erected, belonging to them severally, and each was to have done and pay for a certain part of the work. When the plaintiffs had completed their part, the defendants refused to do that which by the agreement devolved upon them. The master below reported that the ground upon which this refusal was rested was not well founded in fact, and upon the evidence we see no good reason to interfere with his finding. The plaintiffs went on and finished the wall conformably to the agreement, and the defendants being about to make use of it without payment, by inserting in it their posts or rafters, the plaintiffs filed this bill praying for an injunction. The wall thus built by license under the agreement, partly on the defendants' ground, was to be considered, until paid for, as the wall of the plaintiffs, and the threatened act of the defendants in breaking into it as a trespass, " an act contrary to law, and prejudicial to the rights of the plaintiffs." Now, it is settled that a court of equity will interfere to restrain by injunction a trespass of a permanent nature ; for such a case an action for damages would not be an adequate and effectual remedy. If, on the other hand, the trespass is fugitive and temporary, then adequate compensation can be obtained by an action at law, and there is no ground to justify the interposition of a court of equity.

But where the threatened trespass contemplates a permanent occupation and use of the plaintiffs' property, the rule is different and the jurisdiction sustained ; for such an injury is not reparable by an action for damages, besides that it would require to be followed up by successive actions. This is a well-recognised distinction. Hence, and on this ground alone, a railroad company will be enjoined from entering upon private property for the pur-

pose of constructing their road until compensation shall have been made to the owner: Jarden *v.* The Philadelphia, Wilmington and Baltimore Railroad Co., 3 Whart. 502; Bonaparte *v.* The Camden and Amboy Railroad Co., Baldw. 205. "That the complainant," says Mr. Justice Baldwin, "may recover damages at law is no answer to the application for an injunction against the permanent appropriation of his property for the road, under a claim of right; this is deemed an irreparable injury, for which the law can give no adequate remedy, or none equal to that which is given in equity, and is an acknowledged ground for its interference. Trespass is destruction in the eye of equity, when there is no privity of estate; it prevents its repetition or continuance, protects the right, arrests the injury and prevents the wrong; this is a more beneficial and complete remedy than the law can give, and therefore the proper one for a court of equity to administer." He cites Hughes *v.* Trustees of Modern College, 1 Ves. Sen. 188; Asborn *v.* United States Bank, 9 Wheat. 842; Belknap *v.* Belknap, 2 Johns. Ch. Rep. 472. It was accordingly decided by the Court of Common Pleas of Philadelphia county, during the presidency of Judge King, one of the ablest equity judges of this state, that sitting in equity they would restrain by injunction a builder from using his neighbor's party-wall before payment of a moiety of the cost thereof: Cox *v.* Willets, 2 Am. Law Journal 327. And see Sutcliff *v.* Isaacs, 1 Pars. Sel. Eq. Cases 494.

> Decree affirmed and appeal dismissed at the costs of the appellants.