# Allen *v.* Young.

*Bill in Equity by Purchaser, for Specific Performance of Contract for Sale of Land.*

1. *Correspondence of pleadings and proof.*—In suits for the specific performance of parol contracts respecting the sale of land, the contract

[Allen v. Young.]

must be stated distinctly, definitely, and precisely; the evidence must satisfactorily establish the particular agreement as alleged, leaving no material term in doubt or uncertainty; and the acts of part performance, relied on to take the case out of the operation of the statute of frauds, must be referable to that particular contract. Less than this does not meet the requirements of the strict rule which governs such cases.

2. *Compensation to purchaser, on refusal of specific performance.* Although a specific performance will be refused to a purchaser, when the evidence does not satisfactorily establish the terms of the contract as alleged; yet his bill may be retained for the purpose of allowing him compensation, when it appears that he entered into possession under the contract, paid a part of the purchase-money, and has erected valuable improvements; and the compensation decreed to him may be declared a charge on the land.

APPEAL from the City Court of Birmingham, in equity.
Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 8th October, 1887, by Mrs. M. L. Young, a married woman, against George W. Allen; and sought the specific performance of a contract between them, for the purchase of a house and lot in Birmingham by the complainant. Thos. Jeffers and Aug. Fayette were also joined as defendants, on the allegations, that Allen had executed mortgages to them on the property, subsequent to the making of the contract sought to be enforced; and that they had notice of the complainant's rights, she being in possession at the time. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant; and his decree is now assigned as error.

WM. M. BROOKS, for appellant.—(1.) The want of mutuality in the alleged contract is fatal to relief. Mrs. Young, being a married woman, could not bind herself by such a contract, and it could not be enforced against her; and if she delivered the goods in part payment, as she says she did, Allen acquired no title to them.—*Rogers v. Saunders*, 16 Me. 92; *Duvall v. Meyers*, 2 Md. Ch. 401; *Reese v. Reese*, 41 Md. 554; *Benedict v. Lynch*, 1 Johns. Ch. 370; *German v. Machin*, 6 Paige, 288; *Maynard v. Brown*, 41 Mich. 298; 4 Russ. 298; 21 Cal. 403; *Trawick v. Davis*, 85 Ala. 342; Schouler's Dom. Rel. § 58. (2.) No contract was ever made between the parties. There was an offer by one party, but it was never accepted by the other, though the time of acceptance was several times extended, until the offer was finally withdrawn.—Waterman on Spec. Performance, §§ 132–35. (3.) If any contract is proved, it is materially variant from that alleged in the bill, and will not support a decree for specific performance.—*Aday v. Echols*, 18 Ala. 353; *Good-*

[Allen v. Young.]

*win v. Lyon*, 4 Port. 297; *Bogan v. Daughdrill*, 51 Ala. 312; 2 Story's Equity, § 764.

SMITH & LOWE, *contra.*—(1.) It does not lie in the mouth of the defendant, while retaining the goods which he received in part payment, and which he can not restore because he has disposed of them, to repudiate the contract because complainant is a married woman. Besides, she is seeking to enforce the contract, and a decree in her favor will be binding on her. (2.) The terms of the contract are proved substantially as alleged. If more was alleged than was necessary, the variance is immaterial.—*Noble v. Moses Brothers*, 81 Ala. 530.

CLOPTON, J.—In suits for the specific performance of parol contracts respecting the sale of lands, the rules of equity pleading require that the contract shall be distinctly, definitely and precisely averred, so that the court may not be left to inference, or in uncertainty as to its terms, or as to the rights of the parties. In no other class of cases is correspondence between the allegations of the bill and the proof produced to establish them more rigidly exacted. It is not sufficient that some agreement be proved. If the evidence fails to satisfactorily establish the particular agreement alleged in the bill, or leaves any of its material terms in doubt or uncertainty, equity will not lend its aid to enforce its specific performance. "The complainant's case must be clearly made out, in harmonious pleading and proof, to entitle him to a decree."—*Daniel v. Collins*, 57 Ala. 625; *Bogan v. Daughdrill*, 51 Ala. 312; *Iron Age Pub. Co. v. Wes. Un. Tel. Co.*, 83 Ala. 498.

After the testimony had been published, the bill was amended in respect to the averments of the terms of the agreement. The contract which appellee seeks to have enforced is substantially alleged in the amended bill, as follows: That in August, 1880, defendant, Allen, sold to the complainant the lot of land described in the bill, at and for the sum of one hundred and fifty dollars, and the actual cost of a dwelling, which he agreed at the time, and as part of the contract of sale, to erect on the lot. The amendment then alleges that he erected a dwelling thereon, at the cost of nine hundred and five 25-100 dollars. Though there is nothing in the bill from which the time of payment, and the character of the dwelling, can be ascertained; yet, as one was

erected, and interest appears to have been calculated from a given date, and as there was no demurrer based on the insufficiency of the allegations, we pass the question, whether the terms of the contract are stated with requisite definiteness and certainty, and proceed to consider whether the proof clearly establishes the particular agreement alleged in the amended bill.

Several witnesses, besides herself, were examined on the part of complainant. While their evidence, consisting of the admissions and declarations of Allen, tends to show that there was some contract of sale, and part payment of the purchase-money, neither of them professes to know or state any of the terms of the contract, unless it be her husband. To an interrogatory propounded on his direct examination, calling on him to state when and by whom, to whom, and at what price the sale was made, and all the circumstances connected with it, he merely answers in general terms: "In 1880, in the latter part of the Summer, or early Fall, this lot of land was sold by Geo. W. Allen to my wife." On his cross-examination, he says he heard Allen say to complainant at the sale: "I have a lot over yonder on South-side, costing one hundred and fifty dollars; you can have it for the same, and I will put a house on it, and charge you nothing but the actual cost of the building, so that you may have a home for yourself and children." He fails to state that the complainant at that time accepted or agreed to this proposition. This is left to inference. It is apparent from a comparison, that her acceptance is inconsistent and irreconcilable with her own testimony. She testified unequivocally, that the house and lot were sold to her in October, 1880, for *eight hundred and fifty dollars;* that Allen came and offered her the house and lot, saying that he would sell the place at what it cost him, in order that she might have a home; that a memorandum of the sale was made when the house was built; and that he put her in possession when she bought it in October, 1880. The dwelling was completed about October 1st, 1880. If these be the facts, no agreement of sale was perfected until after the house had been erected, and the actual cost ascertained. In her testimony, she makes no reference whatever to any agreement consummated prior to the erection of the dwelling, or to any proposition, by which Allen agreed to sell her the lot at one hundred and fifty dollars, and to erect a house thereon, charging her only the actual cost, and by which she agreed to pay the indefinite

[Allen v. Young.]

and unascertained cost of a house to be erected in the future. The existence of such an agreement is irreconcilable with her statement of the contract, and the time when it was made. The evidence on the part of complainant is insufficient to establish the particular agreement alleged in the bill.

Turning to the evidence on behalf of defendants, we find that it not only affords no support, but disproves the case made by complainant. Allen and his wife are the only witnesses examined. It is unnecessary to consider the details of the negotiations for the sale, extending through several years, as testified by these witnesses. It suffices that both deny that any contract of sale was ever perfected. As we collect from his entire evidence, Allen's statement of the facts is: That in the early part of 1880, he proposed to sell complainant the lot, at its actual cost, which was one hundred and fifty dollars, borrow money from the Building & Loan Association, put a house on it for her and her children, and let her have the house at its actual cost. In reply she said, she would like to have the house for herself and her children, and selected the plan by which it should be built. The house was erected. After its completion, and before she went into possession, he presented her a statement showing the cost of the lot and house, including the premiums paid to the Building & Loan Association. This statement showed the cost to be ten hundred and fifty-five 25-100 dollars. Complainant said she thought it cost too much. She went into possession, with the privilege of determining afterwards whether she would purchase. In 1881, or 1882, he presented her a second statement, still giving her the option to buy at the price proposed. She then said, her husband thought the price too much, and that they did not like their neighbors. About January 1, 1884, after the dissolution of the partnership in the millinery business between his wife and complainant, he made a third statement, including taxes and insurance, and deducting the amount which his wife owed complainant for her interest in the partnership, and offered to take the same in part payment, if she would pay the balance. Neither of these propositions was accepted, and there was no agreement that complainant would take the house and lot at the price offered, or at any price. After she declined to accept the last proposition, the offer to sell was withdrawn.

If this statement of the facts be correct, complainant did not accept the proposition made by him in 1880, before the

[Allen v. Young.]

erection of the dwelling was commenced, so as to constitute
it a binding contract, though she may have anticipated doing
so when the house was completed. It is true, Allen testified
that he agreed to let complainant have the lot in controversy
at a stipulated price, but that they went no further with it,
and there never was any settlement. His meaning is, as we
gather from his entire evidence, he proposed to let her have
the property at the actual cost of the lot and dwelling, which
was not accepted, so as to become mutually obligatory, either
when made, or after the dwelling was completed and the
cost ascertained. But, if conceded that the proposition
made by Allen was the agreement, and the actual cost was
the stipulated price, it materially varies from the contract
alleged in the amendment of the bill. If it was agreed, as
part of the contract, that the money with which to erect the
house should be borrowed from the Building & Loan Asso-
ciation, this was a material term, and the premiums paid the
association constituted an element of the cost, enhancing the
price to be paid beyond the amount stated in the bill.

In *Aday v. Echols*, 18 Ala. 353, where the specific perform-
ance of a parol contract for the sale of land was sought, that
relief was refused, though there had been a partial payment,
because the proof left it uncertain whether the payments
were to be made in four or five equal annual installments, the
bill alleging that they were to be made in five. And in
*Goodwin v. Lyons*, 4 Port. 297, specific performance of a
contract of the same nature was denied, because the evidence
failed to show with certainty the time of payment of the pur-
chase-money, and the amount of each payment, though the
vendee had made partial payment and taken possession.
These facts afford illustrations of the rule, which governs in
such suits, as to the certainty of proof, and the requisite
correspondence between the proof and the allegations of the
bill. The rule is, that when a purchaser comes into equity
to compel the execution of a parol contract for the sale of
land, and seeks to take it from the operation of the statute
of frauds by averment of part performance, it is essential to
relief, not only that the contract itself be established by
clear and definite testimony, but also that the acts claimed to
have been in part performance are referable to the particular
contract.—1 Story's Eq. Jur. § 764. Though the evidence
may be regarded as sufficient to show there was an agree-
ment of sale, it fails to establish clearly, definitely and un-
equivocally its terms, or that they were the same as laid in

[Allen v. Young.]

the bill.	When the whole evidence is considered, we find it variant, conflicting, and contradictory.	It leaves the contract itself in such doubt and uncertainty, that the court is unable to satisfactorily ascertain whether it is executing the agreement made by the parties, or one made for them by the court.	Applying the foregoing principle to the allegations and the proof, it follows, the complainant must fail, not on the ground that there was no understanding or agreement, but because the evidence fails to establish the case made by her with sufficient certainty to warrant a decree for specific performance.

This conclusion renders unnecessary a decision of the other questions argued by counsel.

But, though complainant may not be entitled, on the pleadings and proof, to specific performance, it does not necessarily follow that the bill must be dismissed.	The rule settled by the decisions of this court is, that a bill, brought by a purchaser to compel the execution of a particular contract of sale, may be retained, notwithstanding specific performance is refused because of the failure to establish by competent proof the contract itself, for the purpose of allowing him compensation, when it appears that he went into possession, and made valuable improvements on the land, or has paid part of the purchase-money, on the faith of the contract, there being no full and adequate remedy at law. *Aday v. Echols, supra.*	The negotiations and dealings between the parties, extending through several years, the long undisturbed possession of complainant without payment or demand of rent, the several statements made out and furnished by Allen, and his admissions and declarations as testified to by four witnesses, preponderate in favor of the existence of some understanding respecting the sale of the lot, though we are unable to definitely ascertain its terms, import and obligations.	The evidence rather leads to the conclusion, that Allen made a proposition to sell the lot and erect a house thereon, which it was confidently expected complainant would finally accept, and was consequently left open for a long period, and that the parties acted on this understanding; but which, from some cause, was not accepted or agreed to, so as to constitute a contract mutually binding.

As to payment of part of the purchase-money, the testimony is in irreconcilable conflict.	Complainant and her husband, who are contradicted by Allen and his wife, testify to the payment.	It does not appear that the amount

[Allen v. Young.]

due complainant for her interest in the partnership, which is the payment claimed, has ever been paid by Mrs. Allen, or otherwise than by a deduction from the cost of the property, or has been since demanded; and the admissions, proven by three disinterested witnesses, corroborate complainant and her husband. But the declarations are loose and general, and may be made more certain and satisfactory by a re-examination of the witnesses. Also, complainant stated, there was present at the time the payment was made a disinterested person, who has not been examined; her examination may shed some light upon this controverted fact. Under the circumstances, we shall not undertake to decide the question at the present time, but prefer to leave it open for future determination, when all the obtainable proof shall have been taken.

Equity requires that compensation be allowed, if complainant actually made the payment, or made valuable improvements, on the faith of a definite proposition to sell, during the time it was current, and which it was *bona fide* contemplated would be accepted. On the other hand, she has had the use and enjoyment of the property. While she ought not to be charged rent during the period she was in possession by permission of Allen, under a continuing offer to sell, with option to purchase, and when he did not charge nor intend to charge rent, she should be held to account for the rental value from the time the proposition was withdrawn. Whatever amount may be ascertained to be due complainant upon such accounting, may be decreed a charge upon the land. This works no injustice to the defendant mortgagees, for the possession of complainant was notice of her equities.

The decree is reversed, and a decree here rendered, that complainant is not entitled to specific performance, but that the bill be retained, and the case remanded, that a reference may be ordered in accordance with the principles stated in this opinion. Appellee will pay the costs of appeal, and the accrued costs of the suit in the City Court. Costs hereafter accruing will be adjudged as the court may deem proper.

Reversed and remanded.