# Jones *v.* Mahone.

*Bill for Specific Performance.*

(Decided June 30, 1908. 47 South. 195.)

1. *Specific Performance; Proof; Record.*—The proof must strictly conform to the allegations where the specific performance of a contract for the sale of land is sought.

2. *Same; Evidence; Sufficiency.*—The evidence examined and stated and held to show that the price agreed upon was $570 as contended by respondent and not $560 as claimed by complainant.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Bill by L. A. Jones against S. E. Mahome to specifically enforce a contract for the sale of lands. Decree for respondent and complainant appeals. Affirmed.

LAPSLEY & ARNOLD, for appellant.

KNOX, ACKER & BLACKMON, for appellee.

McCLELLAN, J.—The bill is by Jones to compel Mahone to specifically perform an alleged contract for the sale of a lot in Anniston. Several questions are raised and argued by the solicitors, but we rest our conclusion, in affirmance of the decree below, upon the broad ground of fact, namely, that the contract alleged and sought to be compelled in performance is not the agreement made by the parties. The agreement set forth in the bill is that respondent sold complainant a described lot "at and for the sum of $560," $5 in cash being thereupon paid thereon. In respect of this phase of the asserted agreement the two amendments made of the bill did not work any change; the last amendment being merely a recital of respondent's claim of what the agreement was and an offer by complainant to pay the greater claimed sum. For numerous reasons, unneces-

sary to be rehearsed here, the greatest strictness in the conformation of allegata and probata is required in cases seeking the specific performance of contracts for the sale of real estate.—*Allen v. Young*, 88 Ala. 338, 6 South. 747.

There were only three witnesses examined in the cause—the parties thereto and one Kirksey. The complainant testified to the terms of the agreement as averred in his bill; and the respondent and Kirksey testified that the purchase price agreed upon between the parties was $600, less 5 per cent. commission (on that sum) usually allowed agents conducting or inducing such sales, and that through an error in the deduction, mentally, of the percentage mentioned respondent subtracted $40, instead of $30. The error in calculation was discovered by respondent the following day, before the balance of the purchase money was paid or the deed delivered, was called to the attention of complainant, and he refused to pay more than $560. less the $5 paid in cash. The testimony, in preponderance, supports the respondent and refutes the allegations of the bill. From this we hold, with the court below, that the price was $600, less a definite per cent. which respondent erred in calculating. The error in calculation was of fact purely, and until corrected the sum said by complainant to be the price did not express the intention of either of the parties. To correct it was but to conform the price intended to be exacted and paid for the property to that that should have been at first ascertained.

The decree is affirmed.

Affirmed.

DOWDELL and ANDERSON, JJ., concur. TYSON, C. J., concurs in the conclusion upon the ground, solely, that possession, upon payment of a part of the purchase money, was not delivered to complainant, in compliance with the statute of frauds.