(129 So. 18)

HERNDON v. STANTON et al., and five other cases.

5 Div. 35–39, 43.

Supreme Court of Alabama.

March 13, 1930.

Rehearing Denied June 26, 1930.

428

Frank M. De Graffenried, of Seale, for appellees.

ANDERSON, C. J.

Much of the evidence and arguments relate to the contract between the appellee and the sales agent and which would perhaps be of some force and materiality if this controversy were between said parties alone. We are not dealing with them, but with the rights of third persons who pur-chased property at the sale made by Johnson, claiming to be the sales agent of the appellee, and, as we view this case, it matters not what the appellee thought or believed as to the name, style, or nature of the party or parties with whom she contracted in writing for a sale of her property, as we think the evidence presents a strong case of holding out by her to the public generally and to these complainants of Johnson as her sales agent with full authority to make the sale. The sale had been extensively advertised to be made by "Johnson Realty Company," whether a partnership or individual matters not, who had incurred considerable expense to gather or attract prospective purchasers, including $310 paid out with the consent of appellee for painting the houses so as to make them more attractive, and the complainant was to reimburse him for said last item out of the proceeds of the sale. The sale was a public auction, one with a band of music and dinner or lunch served on the ground; and the appellee was present practically throughout the sale, permitting the complainants and others to bid on each piece of property, and encouraged or requested different ones to bid, and there was not a hint or intimation by her as to the right or authority of the sales agent, and the only objection advanced by her throughout the sale, and even afterwards when they were fixing to prepare the deeds, was that the property was sold too cheap and that she ought not to have to pay the lawyers for fixing up the deeds. Again, in one instance, she made a deed and procured a release or annulment from a purchaser of some of the property. The most that the appellee's evidence amounted to was the expression by her on several occasions that the property was going too cheap and she wanted the sale stopped and that she did, at one time, ask one of the Johnsons to stop the sale. The witness Gullatt, who testified for the appellee, went only to the extent of saying: "She just said that she didn't intend to give her property away, that it was going too cheap and that she didn't want to sell it, didn't want it to go no such way." This same witness also said: "She was running around all the time wringing her hands, and trying to get somebody to bid on it. She tried to get me to bid for her." The evidence of complainants, which is decidedly of the greater weight, negatives any notice to the bidders that she had ordered or attempted to stop the sale, and appellee's evidence only goes to the extent of showing some dissatisfaction as to the price some of the property was bringing and a desire or effort to stop the sale, but it falls far short of such affirmative action or conduct on her part as to bring notice to the bidders that she would repudi-

ate the sale, even if she had the right to do so—a point we need not decide. Not only does the great weight of the evidence show an acquiescence and participation in the sale by appellee and that the purchasers had no notice of her dissatisfaction and efforts to stop same, but the proof shows that most of the lots brought a fair and reasonable price, and common sense suggests that had the bidders received a protest or notice of a repudiation by the appellee, such would not have been the case.

One, who by his conduct has justified the belief of a third party that the person assuming to be his agent was authorized to do what was done, is estopped from denying such authority. Gibson v. Snow Hardware Co., 94 Ala. 346, 10 So. 304; Southern Ry. Co. v. Beaty, 212 Ala. 610, 103 So. 658.

In order to render effectual the termination of an agency by the act of the principal, notice should be given to those to be affected. Cooper v. Cooper, 206 Ala. 519, 91 So. 82. Secret or private instructions which conflict with the usual and apparent powers of the agent will not affect the rights of third persons who in good faith deal with the agent in ignorance of such instructions. Portsmouth Cotton Oil Corp. v. Madrid Cotton Oil Co., 200 Ala. 634, 77 So. 8.

The trial court erred in denying the complainants relief, and the decree of the circuit court is reversed, and one is here rendered granting the relief sought, and the cause is remanded in order that the trial court may render a proper decree effectuating a specific performance of the contracts of sale of the respective lots or parcels of land involved in these proceedings.

Reversed, rendered, and remanded.

SAYRE, THOMAS, and BROWN, JJ., concur.