(127 So. 543)

### NICOLOPOOLOS v. DONOVAN et al.

### 8 Div. 150.

Supreme Court of Alabama.

March 27, 1930.

Nathan, Nathan & Nathan, of Sheffield, for appellant.

John E. Deloney, Jr., of Tuscumbia, for appellees.

18

**ANDERSON, C. J.**

 We concur in the statement in the brief of appellees' counsel: "The jurisdiction of a court of equity to enforce the rescission of contracts and the surrender and cancellation of written instruments for due cause and to grant such other relief as the party may be entitled to is beyond question and is a remedy which equity courts alone are able to confer." But it must be borne in mind that, in order to invoke the powers of equity courts for this purpose, it must affirmatively appear from the bill of complaint that the complainant has no plain and complete remedy at law to enforce his rights or obtain relief from the matters set forth. It is also settled in this jurisdiction that courts of equity do not take jurisdiction merely for the purpose of declaring a rescission and that fraud alone is not a distinctive ground of equitable jurisprudence. Bullard v. Spencer, 208 Ala. 663, 95 So. 1; Hafer v. Cole, 176 Ala. 242, 57 So. 757; Merritt v. Ehrman, 116 Ala. 278, 22 So. 514.

"The doctrine is settled that the exclusive jurisdiction to grant purely equitable remedies, such as cancellation, will not be exercised and the concurrent jurisdiction to grant pecuniary recoveries does not exist, in any case, where the legal remedy, either affirmative or defensive, which the defrauded party might obtain would be adequate, certain and complete." 2 Pomeroy, § 914; National Life Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656.

There is no averment of the insolvency of the respondent, and the bill shows that the contract is executory and no deed has been made, and does not show any outstanding notes or securities as to which the complainants can avoid only as a defense, but, from aught appearing, the contract is the sole memorial of the complainants' liability, and all the things charged in the bill can be completely and adequately redressed by an affirmative action at law. Complainants do not have to await disadvantages that may arise from a delay in action by the respondent in making a defense, but can take affirmative action at once to redress the fraud, deceit, or breach of warranty as set out in the bill of complaint.

True, in the cases of Bullard v. Spencer and Merritt v. Ehrman, supra, the equity of the bills was upheld, but said cases laid down the rule as here announced, and, in the former case, it was held that, as a deed had been executed, it was essential to cancel same in a court of equity to put the parties in status quo. In the Merritt Case the equity of the bill seems to have hinged upon the fact that the complainant could only raise his claim as defensive matter, and the adversary party might not attempt to enforce the collection of his notes and mortgage until time had placed the complainant at a disadvantage. In other words, the complainant there had no right to affirmative action at law so as to redress the wrongs set out in his bill of complaint. Here the complainants have an affirmative right to proceed in a court of law and obtain adequate relief for the things charged in their bill of complaint.

The bill was subject to grounds 1 and 2 of the demurrer, and the trial court erred in overruling same and the decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.