(130 So. 178)

## WOOD v. MASTER SCHOOLS, Inc., et al.

7 Div. 954.

Supreme Court of Alabama.
June 19, 1930.

Rehearing Denied Oct. 23, 1930.

Frank T. Grizzard and H. F. Sharp, both of Atlanta, Ga., and Chas. J. Scott, of Ft. Payne, for appellant.

C. A. Wolfes, of Ft. Payne, for appellees.

THOMAS, J.

The bill was for rescission of a contract for fraud, on which plaintiff acted to her prejudice, to set aside a deed for fraud, for the recovery of moneys paid and induced thereby, and for injunction.

■ The status quo may be preserved by temporary injunction to final determination on showing that plaintiff has a fair question to raise as to the existence of her right, and a "showing of balance of convenience." Rice v. Davidson, 206 Ala. 226, 89 So. 600.

The several purchases and conveyances were made on contracts under seal, entered

into and executed during September and November, 1925; the bill was filed July 16, 1929, and amended October 12th same year. It is alleged that complainant did not learn that the recited material representations of fact were false and fraudulent until a later date, and on or about February 15, 1926, when negotiations for a settlement and rectification of her wrongs began.

The provisions of section 8966, Code, only create an exception to statute (Van Ingin v. Duffin, 158 Ala. 318, 48 So. 507, 132 Am. St. Rep. 29), or extend the time of or prevent the bar as therein indicated and as construed by this court (Peters Mineral Land Co. v. Hooper, 208 Ala. 324. 94 So. 606); it has no field of operation when the time prescribed for such an action has not expired (Meeks v. Miller, 214 Ala. 684, 108 So. 864). When a suit is brought after expiration of the statutory period, complainant must plead and prove laches do not exist; if before that, burden of pleading proof is upon defendant. Peters Mineral Land Co. v. Hooper, supra; Woodlawn Realty & Development Co. v. Hawkins, 186 Ala. 234, 65 So. 183. And the bar of the statute or laches, if disclosed by the bill, may be availed of by demurrer. Edmondson v. Jones, 204 Ala. 133, 85 So. 799; Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 330, 94 So. 606; Harper v. Raisin Fert. Co., 158 Ala. 329, 48 So. 589, 132 Am. St. Rep. 32; Meeks v. Miller, 214 Ala. 684, 108 So. 864.

The equity of such a bill is established by our decisions, where it is to rescind a contract, cancel a deed, order repayment of the purchase price with interest on the grounds that complainant was induced to make the purchase by false and fraudulent representations made by defendant through its accredited agents, and upon which she relied to her prejudice, in and as to the material facts alleged, and where the remedy at law is inadequate. Phillips v. Sipsey Coal Mining Co., 218 Ala. 296, 307, 118 So. 513; Bullard Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1, 3; Hafer v. Cole, 176 Ala. 242, 57 So. 757; Merritt v. Ehrman, 116 Ala. 278, 22 So. 514; National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656.

The case of Bullard Shoals Mining Co. v. Spencer, supra, was to cancel a contract of June, 1913, and suit brought in 1922 was sustained. It was a conveyance under seal, as that in the instant case, and was not barred by the statutes or laches. The statute of ten years does not specifically apply. Taking the averments of the bill as true, it does not appear when that complainant discovered the fraud and negotiations ended. The bill on its face does not show laches or bar of statute. Hamilton v. Watson, 215 Ala. 550, 112 So. 115. In Bullard Shoals Mining Co. v. Spencer, as in this, the inadequacy of a remedy at law was made apparent; held that, if suits were prosecuted successfully at law, *it would leave the legal title in plaintiff, who must hold it as a trustee for defendant.* This was not equal justice, and the ends of the law will not be met; that is to say, the litigation would not end in "equal justice to all concerned."

In Nicolopoolos v. Donovan (Ala. Sup.) 127 So. 543,[1] there were no deeds or negotiable purchase-money notes sought to be canceled, nor disaffirmance and reinvestment of title, as here sought. It is without application to this and the Bullard Case, supra, as indicated in the opinion by the Chief Justice.

The case of National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656, was for fraud after the death of the insured and proof thereof—a different case and in which adequate remedy like defense at law was available.

The decree sustaining demurrer was in error, and it is reversed and the cause remanded for a trial upon the full pleading and proof.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

