(134 So. 667)

# WEST v. HOLMAN et al.

## 7 Div. 13.

Supreme Court of Alabama.

April 9, 1931.

Rehearing Denied May 21, 1931.

E. O. McCord & Son, of Gadsden, and Irby Keener, of Center, for appellant.

F. M. Savage, of Center, for appellees.

Goodwyn & Goodwyn, of Montgomery, amicus curiæ.

THOMAS, J.

The action of the trial court in sustaining demurrers to the bill as amended, and in the rendition of a final decree, is presented for review.

By reason of the tripartite agreement of sale and the superior title in the mortgagee, and as the sale may affect the first mortgage on the whole tract, an immediate and interlocking interest in the land is presented, and, to the doing of full and complete justice and equity in the premises by the final decree, the whole title should be before the court. There was error in sustaining demurrers (Hodge v. Joy, 207 Ala. 198, 92 So. 171; Marsh v. Elba Bank & Trust Co., 221 Ala. 683, 130 So. 323) to the amended bill.

The prior mortgage is alleged to be due and payable, and further alleged that complainant is ready, able, and willing to take up that incumbrance, but defendants refused to allow this to be done or to have the mortgage transferred to complainant; that one of the other defendants by collusion with Holman refused to comply with the terms of sale of a part of the land to him, and thus prevented complainant from getting relief, and that the other purchaser refused to comply with the terms of purchase of the other part of the land bid in by him; that the auction company stood ready, willing, and able to comply with its part of the contract, and that complainant was likewise ready, willing, and able to complete her purchases. It is further alleged that "on said day and date she paid to said defendants the sum of $50.00, and that she bought said lands at an auction sale duly

and legally held by said defendants through their said servants and agents who were then acting within the line and scope of their duties of service to defendants, and the complainant avers that on 'the said first day of November she not only paid the sum of $50.00 on said lands, but she also paid another payment of $100.00, and a third payment of $325.67, and a fourth payment $581.00. Complainant avers that there remained a balance due on said purchase price of the sum of $3166.81, the same to be paid one-third each year for three years, and your complainant avers that she has made due and legal demand upon said defendant for a deed to said property, and your complainant avers that she signed and delivered to defendants a contract in writing covering the terms and conditions of the purchase of this land, and your complainant avers that she is ready, willing and able to perform all those conditions or agreements set forth in said written contract." The prayer was for specific performance of the contract, and for general relief.

It was held in Wood v. Master Schools, Inc., 221 Ala. 645, 130 So. 178, that a "suit in equity may be maintained to rescind contract, cancel deed, and order repayment of purchase price for fraudulent representations, where remedy of law is inadequate."

It has also been held that, where the complainant did not make out his right to specific performance of an agreement to convey land, the court may retain the bill to do equity by compelling the respondent to restore the value paid, the complainant having an equal equity to recover the compensation paid, and to have reimbursement for improvements made on the land. This was the subject of authorities cited in Williams v. Kilpatrick, 195 Ala. 563, 70 So. 742; 59 A. L. R. 227.

The decisions in this and other jurisdictions are to the effect that, when the vendor refuses and disables himself to perform, his repudiation and unjustifiable attempt to rescind, or his disabling himself to perform, will entitle the vendee to recover the amount he has paid on the purchase price, on the idea that great injustice would be the consequence of not requiring repayment. 59 A. L. R. 257, et seq; Allen v. Booker, 2 Stew. 21, 19 Am. Dec. 33 (suit at law); Mialhi v. Lassabe, 4 Ala. 712 (in equity); Flinn v. Barber, 64 Ala. 193 (at law); Id., 59 Ala. 446 (at law); Williams v. Kilpatrick, 195 Ala. 563, 70 So. 742 (in equity); Aday v. Echols, 18 Ala. 353, 357, 52 Am. Dec. 225 (in equity and valuable improvements made by purchaser); Irwin v. Bailey, 72 Ala. 467, and Powell v. Higley, 90 Ala. 103, 7 So. 440 (cases where the purchasers were in possession and made improvements, and were in equity); Birmingham Nat. Bank v. Roden, 97 Ala. 404, 11 So. 883; Jones v. Gainer, 157 Ala. 218, 47 So. 142, 131 Am. St. Rep. 52 (in equity).

In Mialhi v. Lassabe, 4 Ala. 712, 714, Mr. Justice Goldthwaite said: "Ordinarily, when a bill is filed for a specific performance, and it is dismissed, nothing more is settled by the decree, than that the case is one in which equity will not interpose its extraordinary powers. But there are cases in which the decree may deny a specific performance, and also give relief, or great injustice would be the consequence. A case of this sort, of very ready comprehension, is when time is inserted as a condition, and a payment is made which is to be forfeited if the purchaser does not make other payments within limited periods. In such a case the vendor at law is discharged from the contract, and possibly he may also be discharged in equity; but he clearly cannot, in equity, retain the money paid to him, any further than is necessary to save him harmless from all losses actually sustained. Vernon v. Stephens, 2 P. Wms. 66; Mess v. Matthews, 3 Ves. Jr. 279."

This rule was followed in Irvin v. Irvin, 207 Ala. 493, 93 So. 517, and authorities collected. In Powell v. Higley, 90 Ala. 103, 108, 7 So. 440, 441, Mr. Chief Justice Stone declared:

"It is contended for appellant that, if appellee has any cause of action, it is a legal demand, and he should have been remitted to that forum for its assertion. We cannot agree to this, for two reasons: First. The title being in C. B. Powell, and the contract made in the name of, and signed by, E. B. Powell, complainant's right was and is equitable, and can only be adequately enforced in equity. Second, Higley, under the circumstances of this case, was entitled to have a lien declared on the lots for his reimbursement, and equity alone can declare and enforce such lien. There may be other reasons, but the foregoing are sufficient.

"In Aday v. Echols, 18 Ala. 353 [52 Am. Dec. 225], that able jurist, Chief Justice Dargan, said: 'The rule is that when a purchaser enters into possession, and upon the faith of a contract has made valuable improvements upon the land, and afterwards files his bill to compel a specific performance, but fails to make such a case as entitles him to that relief, the bill may be retained for the purpose of allowing him compensation, if he has not a full and adequate remedy at law.' Goodwin v. Lyon, 4 Port. 297; Allen v. Young, 6 So. 747, 88 Ala. 338; 2 Story, Eq. Jur. §§ 799, 799a; Phillips v. Thompson, 1 Johns. Ch. [N. Y.] 131; Pratt v. Law, 9 Cranch, 456 [3 L. Ed. 791]; Masson & Beranson's Appeal, 70 Pa. 26; Pinnock v. Clough, 16 Vt. 500, 42 Am. Dec. 521; Rider v. Gray, 10 Md. 282, 69 Am. Dec. 135; Amer. Land Co. v. Grady, 33 Ark. 550; Nagle v. Newton, 22 Grat. (Va.) 814; Wat. Spec. Perf. § 515."

In Birmingham National Bank v. Roden, 97 Ala. 404, 406, 11 So. 883, the court observed:

"We have frequently decided that, although the proof may show that the specific relief prayed for in a bill for specific performance cannot be granted, the bill may be retained for compensation, if the party is entitled to relief, and the remedy at law is inadequate to afford complete justice. Powell v. Higley, 90 Ala. 103, 7 So. 440; Allen v. Young, 88 Ala. 338, 6 So. 747; Moses v. Scott, 84 Ala. 611, 4 So. 742; Cowan v. Sapp, 81 Ala. 525, 8 So. 212; Aday v. Echols, 18 Ala. 353 [52 Am. Dec. 225].

" 'When the impossibility of a specific performance is disclosed at the hearing, and the suit was brought by the plaintiff in ignorance of such fact, the court will award the remedy of damages.' 3 Pom. Eq. Jur. § 1410."

It may be said that the general rule in England and in this country is that the purchaser of land by executory contract, when the contract fails by reason of the vendor's default, and without failure or fault of the purchaser, is entitled to specific performance or to a lien upon the land for repayment of what has been paid under the contract, subordinate to the prior and superior mortgages, liens, and equities. It is a right that may be said to have been invented or availed of for the purpose of doing justice, and is therefore "purely the creation of equity." Elterman v. Hyman, 192 N. Y. 113, 84 N. E. 937, 127 Am. St. Rep. 862, 15 Ann. Cas. 819; Davis v. Rosenzweig Co., 192 N. Y. 128, 84 N. E. 943, 20 L. R. A. (N. S.) 175, 127 Am. St. Rep. 890; Flinn v. Barber, supra; Hickson v. Lingold, 47 Ala. 449; Kennedy's Heirs & Ex'rs v. Kennedy's Heirs, 3 Ala. 434.

However this may be, as to the right of reimbursement in a proper case, we rest our judgment on the right of specific performance. The record and evidence have been read by the court, and we are of opinion that complainant is entitled to specific performance on the authority of the recent decision in Herndon v. Stanton, 221 Ala. 427, 129 So. 18. It was there declared that one who stands by, and by his conduct justifies the belief of a third party—the complainant— that the person assuming to be his sales agent was authorized to do what was done as to the sale and acceptance of purchase, etc., is not permitted in a court of equity to deny such authority and decline conveyance. Gibson v. Snow Hardware Co., 94 Ala. 346, 10 So. 304; Southern Ry. Co. v. Beaty, 212 Ala. 610, 103 So. 658.

The trial court will require the due execution and delivery of the conveyance by Holman—the owner—to complainant of the lots purchased by her, upon her payment to the register of the balance due as the purchase price; and the trial court will also require the first mortgage on the Holman lands to be paid by the register out of such purchase money; will further require satisfaction of the mortgage by the register of the circuit court to be entered on the record of said mortgage in the probate office; and require that any balance of said purchase money, after payment of all costs, be paid to the owner of the land. Respondent Holman, owner of the land, is taxed with all the costs in the lower court and in this court.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

### On Rehearing.

THOMAS, J.

At the original hearing the fact was overlooked that, of the sum of $3,166.81 of Mrs. West's purchases, the sum of $1,056.67 was paid by her to Holman's agent, the Todd-Worsham Auction Company, and of this the latter claims as commission 15 per cent. of the purchase price, or $475.02.

Such may be the fact as between the auction company and Holman, but the former has no superior claim to commission over the equities of complainant. We are of opinion that the entire sum of $1,056.67, paid by complainant to Todd-Worsham Auction Company, be paid by them into the registry of the court, and that the same is available and be used with the balance of complainant's payments on her purchases, and others she may have advanced and required in the payment in full of the Federal Land Bank mortgage. In that event, complainant will be subrogated to the superior title, interest, and lien on all the lands for the sums she pays above or beyond the amount of her said purchases.

The trial court should require the sale of such other lands for the satisfaction of this excess sum, if and when paid by her to the land bank.

Moreover, an alternative relief may be awarded, if so advised after full hearing with all the parties in interest before the court, to require that all purchase money available be applied as payment pro tanto, on the mortgage of the Federal Land Bank of New Orleans, with appropriate direction that the remaining lands included in the mortgage be sold, either by the court or by the mortgagee at its option, for payment of any balance that may be due on the mortgage debt, and, in the event that sufficient net moneys are not received thereby for satisfaction of the mortgage indebtedness, then for the mortgagee to proceed for such balance due on the mortgage,

against the lands purchased at said sale by appellant-complainant.

In either case, the Todd-Worsham Auction Company should be required to pay into court the $1,056.67 given them as Holman's selling agent, to be available in payment on or purchase of the Federal Land Bank's mortgage. That is, that after full hearing a decree under either alternative would protect complainant's equitable rights, and maintain the superior legal rights of the Federal Land Bank through its first mortgage on all of the lands.

The attorney for the Federal Land Bank of New Orleans files brief as amicus curiæ, and therein says they are advised that the bank will be agreeable to any settlement of the equities of the parties in the premises, if and when its mortgage debt is paid in full.

The case should be retried with all the parties at interest, including the Federal Land Bank, before the court. The former order is modified pursuant to the above, and the cause is reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.