141 So. 671

### BULLEN v. TRULOVE et al.

8 Div. 355.

Supreme Court of Alabama.

March 24, 1932.

Rehearing Denied May 26, 1932.

J. Foy Guin, of Russellville, for appellant.

Travis Williams, of Russellville, for appellees.

**THOMAS, J.**

Demurrers were overruled to the bill as amended; hence this appeal.

■ The bill as amended was within the influence of the cases for rescission of contract for fraud, cancellation of deed for fraud, reinvestment of title, for the settling of primary and secondary equities, and judgment for repayment of the purchase price. The remedy at law is insufficient for such purposes. West v. Holman, 223 Ala. 114, 134 So. 667; Hickson v. Lingold, 47 Ala. 449; Kennedy's Heirs v. Kennedy's Heirs, 3 Ala. 434; Nicolopoolos v. Donovan, 221 Ala. 16, 127 So. 543; Wood v. Master Schools, 221 Ala. 645, 130 So. 178; National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656; Phillips v. Sipsey Coal Mining Co., 218 Ala. 296, 118 So. 513; Bullard Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1; Shahan v. Brown, 167 Ala. 534, 52 So. 737; Hafer v. Cole, 176 Ala. 242. 57 So. 757; Merritt v. Ehrman, 116 Ala. 278, 22 So. 514.

■ It was proper to bring the whole title and all parties at interest before the court, that equity be done in a binding judgment rendered, and all primary and secondary equities, if such there were, be ascertained and declared. Hodge v. Joy, 207 Ala. 198, 92 So. 171; West v. Holman, supra.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.