109 So.2d 668

Beryl D. OLIVER

v.

Albert H. DUDLEY.

4 Div. 961.

Supreme Court of Alabama.

Feb. 19, 1959.

J. Pelham Ferrell, Phenix City, for appellee.

GOODWYN, Justice.

This is the second appeal in this case. On the first appeal (reported as Oliver v. Dudley, 267 Ala. 87, 100 So.2d 327) there was a reversal and remandment for entering another decree in accordance with the opinion. The present appeal is from the new decree.

Mrs. Beryl D. Oliver (appellant) filed a bill in the circuit court of Russell County, in equity, against Albert H. Dudley seeking a sale for division of certain real estate owned by the parties as tenants in common. Respondent's demurrer to the bill being overruled, he filed an answer and cross-bill. By his cross-bill he seeks reimbursement for certain repairs made by him to the building on the land. There is no dispute as to the parties' ownership of the land nor that it cannot be divided in kind. The alleged repairs were in the following amounts:

Chas. H. McCann, Seale, and Roy L. Smith, Smith & Smith, Phenix City, for appellant.

$411.50 in April 1946, $540 in December 1950, and $310 in July 1955.

Complainant answered the cross-bill setting up the statute of limitations of three years as a bar to reimbursement for the repairs made in 1946. As will be shown later, it does not appear that the statute of limitations was set up as a bar to the repairs made in 1950 and 1955. The trial court made reference in its decree to the repairs in the amount of $540 (shown by the evidence to be principally for repairs to the roof of the building) and decreed that the respondent "is entitled to contribution from the complainant in the amount of $270 for repairs made by respondent on said real estate at respondent's expense, and with the notice and approval of complainant's agent." Apparently, contribution for the repairs made in 1946 and 1955 was disallowed. There is no cross-assignment of error questioning this.

The only question presented on this appeal is thus stated in appellant's brief:

"The controversy in the case is simple. It is purely a question of whether or not the Appellant should be required to share as cotenant with the Appellee for certain claimed money spent for repairs on the building located on the property sought to be sold. This question is divided into two phases (1) that the amount claimed due to the Appellee by the Appellant is barred by the statute of limitations, and (2) that she should not be required to contribute since the Appellee had the use and possession of the property for his own use, rent free, and no amount is allowed for rent for the use thereof."

 , The defense of the statute of limitations was raised by appellant in her answer to appellee's cross-bill, where it is stated as follows:

"5.

"The Cross Respondent denies that any repairs were made to the building in April 1946 under the direction of W. B. Oliver or with the consent of the said W. B. Oliver in the sum of $411.50 which the said Albert H. Dudley paid and denies that the said Respondent and Cross-Complainant made any repairs to the said building other than to make it suitable for his own use and occupation, and that the said W. B. Oliver, if he agreed to share in the expense of the same died in the 6 years before this suit was filed and if the said Albert H. Dudley has any claim it is barred by the statute of limitations, and that said Albert H. Dudley failed to file a claim against the estate of W. B. Oliver within the time provided by law."

It is apparent that the trial court considered this applicable only to the 1946 repairs. We think such interpretation is the only reasonable one to be given it. Accordingly, any right appellant had to interpose the statute of limitations as a bar to appellee's claim for contribution for the 1950 repairs was waived. Brown v. Oldham, 263 Ala. 76, 79(3), 81 So.2d 331; Thomas v. Bank of Hurtsboro, 243 Ala. 658, 662, 11 So.2d 370; Fleming v. Kirkland, 226 Ala. 222, 225, 146 So. 384; Jefferson County Savings Bank v. Ben F. Barbour Plumbing & Electric Co., 191 Ala. 238, 247, 68 So. 43, 46. As stated in the last cited case:

"* * * Statutes of limitation go to the remedy, not the rights of parties. If the applicable statute in any case is not insisted upon by plea, or by demurrer, as it may be in equity when the bill discloses the ground of defense, it is waived. * * *"

We come now to consider the second phase of the question.

Appellant's interest in the property was derived from her husband, W. B. Oliver, on his death in 1948. As already noted, there is no controversy as to ownership of the property, each of the parties owning an undivided one-half interest. The land here involved consists of a lot located in the Town of Seale. A building covers al-

most the entire lot. A part of the building was under lease to the United States Post Office Department for a number of years until January 1, 1952. The parties shared the rent from this part of the building. Since that time none of it has been rented. A part has been used by appellee for his own storage purposes since before 1946 without the payment of any rent. There is some controversy as to how much space he used and whether appellant or her husband had at times used a part of it for storage purposes also. The part leased to the Post Office Department was not used for storage after the lease expired. There is no indication that appellant was ever denied use of the building.

■ Appellant relies on Gorden v. McLemore, 237 Ala. 270, 275, 186 So. 470, and Fundaburk v. Cody, 261 Ala. 25, 72 So. 710, 48 A.L.R. 1295, as supporting her insistence that there should have been an allowance for rent as an offset to any claim for contribution by her for repairs. But we do not think it necessary to discuss the applicability or effect of the principle approved in those cases (having to do with a cotenant in sole possession and receiving all the profits from the property being deemed to have undertaken the discharge of certain duties to his cotenants, such as preserving the property by making certain needful and ordinary repairs, thus not entitling him to contribution from the other cotenants) for the reason that, after carefully considering the evidence (taken orally before the trial court), we are at the conclusion that there were at least reasonable inferences therefrom supporting the trial court's finding to the effect that appellant's agent, acting within his apparent authority, agreed to the 1950 repairs. See, Johnson v. Shook & Fletcher Supply Co., 245 Ala. 123, 130, 16 So.2d 406; Atlanta Life Ins. Co. v. Ash, 228 Ala. 184, 189, 153 So. 261; Warren Webster & Co. v. Zac Smith Stationery Co., 222 Ala. 41, 43, 130 So. 545; Herndon v. Stanton, 221 Ala. 427, 129 So. 18; Caldwell v. Standard Oil Co., 220 Ala. 227, 229, 124 So. 512; Langham v. Jackson, 211 Ala.

416, 100 So. 757. Also, there is conflicting evidence as to whether appellant personally agreed to pay one-half the cost of the 1950 repairs. She testified that she wanted the repairs made but only after bids were received. Appellee denied that she required bids before agreeing to be bound.

■ As has been stated so many times until it has become axiomatic, when evidence is taken orally before the trial court our review of its findings is governed by the same rules governing the review of jury verdicts. Although the trial court might well have found in favor of appellant on the issue of contribution for repairs, there is also evidence supportive of· its findings in favor of appellee. We do not think we would be warranted in interfering with such findings. Accordingly, the decree appealed from, to the extent here questioned, is due to be affirmed.

Affirmed.

SIMPSON, STAKELY, MERRILL and COLEMAN, JJ., concur.