## Clark's Appeal.

62   447
203   ³166
62   447
35 SC ¹605

1. Injunction is a remedy to restrain or prevent such acts as would result in irreparable injury to the property of the complainant.

2. No decree should be made to be followed by an injunction unless irreparable injury be clearly established.

3. If there be an adequate remedy at law for an injury done or threatened, the injury is not irreparable.

4. It was never intended to take away the right of trial by jury where a wrong could be redresssd by it.

5. An owner of a hotel filed a bill to restrain the removal from it of a cooking-range, carving-table, fastened to the floor, &c., these being articles of convenience, and not of necessity. *Held,* that the bill would not lie.

6. Where there is a contrariety of testimony in an equity case, it must go to a master, and his report come up on appeal.

7. The master's finding of facts is somewhat like a special verdict, and must not be omitted.

8. The soundness of a master's finding is tested on exceptions in the court below, and the decision on them comes before the Supreme Court.

October 22th 1869.    Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS,JJ.

Appeal from the decree of the Court of Common Pleas of *Crawford county :* In Equity : No. 217, to October and November Term 1869.

On the 27th of February 1867, Gurdon S. Berry filed his bill against Thomas Clark, and afterwards, on the 12th of March, filed an amended bill, which set out :

1. The plaintiff was the owner of the Crittenden Hotel, in Titusville, by purchase at sheriff's sale in November 1866.

2. There were " in said hotel, unless wrongfully removed by the defendant, the following fixtures and machinery, connected therewith and necessary to the carrying on of the business for which said hotel was erected, to wit : one hotel annunciator, one range for cooking set in brickwork, one refrigerator, of so large a pattern as to be incapable of removal from said hotel without destruction thereof or injury to said building, one hot-water reservoir of a large size and connected by cast-iron pipes running through brickwork to the heater in said range, one carving-table, nailed to the floor and sides of the carving-room of said hotel, connected by iron pipes with, and arranged to be heated by steam or hot water from said furnace or from said reservoir, said pipes passing through the walls or floor of said building.

" 3. Said defendant ought to be restrained from removing said articles from said premises which he threatens to do, and also from committing any other or further waste, spoil or destruction in and about or to the said estate and premises or any part thereof."

The prayers were :

" 1. That the defendant be restrained by the injunction of said court from removing any of the said articles from the said premises, and also from committing any other or further waste, destruction or spoil in and about the said estate and premises or any part thereof.

" 2. That the defendant be decreed to make a reasonable compensation for all waste done, committed or suffered by him, or his agents, &c., on the said premises, and for general relief."

The defendant answered :

1. That E. H. Crittenden had been the owner of the hotel and the personal property mentioned in the bill, in the year 1866.

2 and 3. That in August 1866 the personal property, including that mentioned in the bill, was purchased by the defendant at sheriff's sale ; that Crittenden assented to such sale of the personal property mentioned in the bill, and afterwards leased it from Clark.

4. That in November 1866, the plaintiff, with notice that the property mentioned in the bill had been so sold to the defendant, purchased the hotel at sheriff's sale.

[Clark's Appeal.]

5 and 6. Averred that the articles mentioned in the bill were not fixtures but personal property.

7. That allegations in the bill are not sufficient to warrant the granting of an injunction, and "should the injury complained of as having been threatened to be done, be actually committed, the plaintiff would have an ample and adequate remedy at law by his action of trespass."

A commissioner was appointed to take testimony, but there was no reference to a master.

There was evidence for the defendant that the articles could be removed without injury to the building, that they were "convenient for an hotel but not a necessity."

For the plaintiff the evidence was that the articles were necessary for such an hotel as "The Crittenden," that removing the articles would damage the building more than the value of the articles. The witnesses on both sides described minutely the articles, their manner of connection with the building, the effect on the building and on the articles by a removal.

In the opinion of the court Judge Vincent said :—

"The hotel had in it all the modern conveniences usually found in first-class hotels, and which, without being absolutely indispensable to the business, are indispensable to its cheap, convenient and comfortable management." * *

"That the owner of the Crittenden House intended to make the refrigerator, the range, the hot-water reservoir, the carving-table, the office counter, and the bell-pulls, permanent parts of the freehold we can scarcely doubt. He must have intended that the hotel should be permanent, and, from the manner in which it was built, that it should be so long as he owned it permanently used as a hotel. From the manner in which these articles were attached to the building it seems to us clear, and no other conclusion possible, than that he intended they should be permanent parts of the house until worn out and replaced by others. With some hesitation we have come to the same conclusion in regard to the annunciator."

After stating that the evidence showed that the articles removed were worth $1080, he proceeded :—

"The other articles claimed by the complainant were not removed by the respondent, he being restrained by the injunction before their removal.

"We are of opinion that the injunction prayed for in this case should be made perpetual, and that the respondent should pay to the complainant, for the waste committed by him, the sum of one thousand and eighty dollars, and that the respondent pay the costs of this proceeding ; and we order a decree to be entered in accordance with the opinion."

12 P. F. SMITH—29

[Clark's Appeal.]

The defendant appealed to the Supreme Court, and assigned the decree for error.

*C. R. Marsh* and *A. B. Richmond,* for appellant, cited Harlan *v.* Harlan, 8 Harris 303.

*J. B. Brawley,* for appellee, cited Hill on Fixtures 10 ; Heaton *v.* Findley, 2 Jones 304.

The opinion of the court was delivered, October 28th 1869, by THOMPSON, C. J.—Injunction is a remedy in equity to restrain or prevent such acts of wrong as would, if done, result in irreparable injury to the property of the complainant. No decree should ever be made to be followed by the writ of injunction, unless this element be clearly established : Hagner *v.* Heyberger, 7 W. & S. 104. If there be an adequate remedy at law for an injury done or threatened, the injury is not irreparable. It can be compensated by proceedings at law, and therefore courts of equity have no jurisdiction. They ought not to have, for it was never intended to take away the common law right of trial by jury where a wrong done by a party could be redressed by it. On this point see Grey *v.* The Ohio and Penna. Railroad Co., 1 Grant 412 ; Richards's Appeal, 7 P. F. Smith 105 ; Hilliard on Injunc. 271 ; Adams Eq. 485 ; Fonb. Eq. 51 ; 2 Story's Eq. § 925, *et seq.*

Here, the bill is for an injunction to restrain the defendant from removing certain enumerated articles of property from a hotel, alleged to be owned by the defendant pursuant to a purchase of them by him at sheriff's sale. The proof abundantly shows, and so says the court, that they are articles of convenience merely, and not of necessity, as part or parcel of the hotel, and therefore do not come within the principle of Witmer's Appeal, 9 Wright 455, which was the case of dismantling a steam saw-mill, by detaching the boilers and selling them. Nor is it like cases of waste in destroying timber or taking away minerals from lands. No amount of money could replace the timber or minerals removed. If the defendant should remove the carving table, refrigerator and range, wrongfully, could not the trespass be adequately redressed at law ? The value of the property taken could be recovered there, and more, if the taking occasioned greater injury, or was accompanied by acts of aggravation. The remedies are several and ample, in cases like that apprehended here, without calling on the strong arm of the chancellor to interfere and hold the defendant in *statu quo.* We think this was not a case for injunction, and, the court being without jurisdiction to grant the writ, the assessment of damages for property removed, falls. We do not choose to go into the questions of the rights of the complainant and defendant in regard to the property mentioned, nor how far it is to

[Clark's Appeal.]

be regarded as personal, *per se*, or became so by consent of the debtors, or whether a portion, or any portion of it was removed before the preliminary injunction was served or not. We leave all the questions in the case to be tried at law, by a court and jury if the parties desire it. The remedy there is adequate, we think, under the proof.

We wish it to be remembered that, in all cases in equity where there is a contrariety of testimony, the case must go to a master, and his report must come up on the appeal. His finding of facts is somewhat like a special verdict, and must not be omitted. Its soundness is tested on exceptions in the court below, and the decision on these exceptions comes before this court. One portion of the grounds against error in equity cases is unemployed, when a court undertakes to decide on the testimony itself. Besides, it imposes on this court the burden of studying the whole testimony in revising that decision, when otherwise it would only be necessary to examine so much of it as was passed upon in the specific exceptions below. This is a word by way of caution, suggested by the fact that no report of a master appears in this case. It is true, that the want of it does not, in any manner, affect the result in the case, as we rule it on the ground of want of jurisdiction, but it is important to be remembered in practice.

Decree reversed, and bill dismissed at the costs of the appellee, without prejudice.