# Kramer, Appellant, *v.* Slattery.

*Equity—Continuing trespass—Real estate—Pleading—Averment of title—Multiplicity of suits—Irreparable injuries — Insufficient averments—Equity jurisdiction—Acts of June 16, 1836, P. L. 784, Sec. 13, and February 14, 1857, P. L. 39—Adequate remedy at law —Demurrer—Certification to law side—Act of June 7, 1907, P. L. 440.*

1. Equity has no jurisdiction to restrain the commission of a mere, ordinary or naked trespass but may enjoin a continued or continuing trespass.

2. The Act of June 16, 1836, P.L. 784, Sec. 13, (in connection with the Act of February 14, 1857, P. L. 39), empowering the courts to prevent or restrain the commission or continuance of acts contrary to law and prejudicial to the interests of the community or the rights of individuals, confers sufficient equity jurisdiction to restrain a continuing trespass, but the extensive powers ordained by such acts are limited in their application to cases in which there is no specific or adequate legal remedy.

3. A cumulative wrong or trespass entitling the party injured to equitable relief may be defined as a series of constantly recurring unlawful intrusion upon the land of another, which, although not exactly unceasing, can be fairly said to be continuous or permanent in nature.

4. A bill in equity for an injunction for the protection of real estate should set forth complainant's title with some degree of par-

ticularity, so that, if the defendant desires to demur thereto or question it by way of answer, he may intelligently do so.

5. Where it is determined upon demurrer that a suit should have been brought at law, it is the duty of the tribunal so deciding to certify the cause to the law side of the court, under the Act of June 7, 1907, P. L. 440.

6. An injunction will be granted to restrain the commission of trespass upon real estate only where the facts relied upon plainly indicate a state of affairs which in all probability would give rise to interminable litigation if prompt equitable relief were not granted; or show either torts inherently of a permanent character or circumstances strongly suggesting that the wrongs complained of would, in all probability, be repeated so continuously that, by reason of their persistency, they would in effect be permanent in nature and so harassing as to amount to a harmful nuisance, so that the injury from the continuance of such acts would be irreparable.

7. The fact that redress can be had only by a multiplicity of actions at law for similar and continued trespasses by one on the property of another, presents strong grounds in favor of the jurisdiction of a court of equity to grant an injunction, but equity will not interfere to prevent a multiplicity of suits if the bringing of one or many suits is a matter for complainant's election, there being no necessity for a multiplicity. Facts must be averred clearly, indicating that a multiplicity of suits is necessary, before equitable relief will be awarded on such ground.

8. A bill in equity averred that plaintiff was the owner and in possession of a certain tract of land upon which was located a culm bank belonging to plaintiff, and that defendant unlawfully entered upon the premises and removed the culm without permission of plaintiff, and threatened to continue to trespass upon plaintiff's property and further remove the culm, and prayed for an injunction against the acts complained of. The bill failed to aver plaintiff's title with any degree of particularity, or to show title or possession in plaintiff at the time of trespass complained of, and omitted to state the character of plaintiff's present possession. It contained no averment of repetition of the trespass, and failed to report the times, places or circumstances under which the alleged threat to repeat the trespass was uttered. *Held,* (1) the only injury specifically and sufficiently alleged being the taking of the culm and not the intrusion on claimant's real estate, it appears that claimant has an adequate remedy at law in a suit for damages, or, if the taking is felonious, by a criminal prosecution, and (2) the court properly refused to grant an injunction, but (3) should have certified the cause to the law side, and the bill will be reinstated for that purpose.

236 KRAMER, Appellant, v. SLATTERY.

Argued Jan. 8, 1918. Appeal, No. 247, Jan. T., 1917, by plaintiff, from decree of C. P. Schuylkill Co., Sept. T., 1917, No. 1, in equity, dismissing bill in equity for an injunction, in case of W. L. Kramer v. John Slattery. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Bill in equity for an injunction. Before KOCH, J.

The opinion of the Supreme Court states the facts.

Defendant demurred to the bill; the court overruled the demurrer and dismissed the bill. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Edmund D. Smith,* with him *W. L. Kramer,* for appellant.

*John F. Whalen,* with him *George Ellis,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, February 11, 1918:

On July 2, 1917, the plaintiff filed a bill wherein it is averred that "he is the owner in possession of a certain tract or piece of land," describing it; that "there is located upon the above described premises a certain coaldirt or culm bank belonging to your complainant"; that the defendant, "on or about the 23d day of June, unlawfully entered upon said premises and removed the said coal-dirt or culm........without permission of your complainant"; that "the said defendant, after due notice given to him, has refused to stop removing said coal-dirt or culm,........and has threatened to continue to trespass upon complainant's property above described and further remove from said premises the culm or coal-dirt above described"; that "said defendant has no warrant or authority for entering upon plaintiff's land or to remove from the same the culm or coal-dirt deposited thereon; and, if permitted, will continue to remove said

culm......to the injury of said W. L. Kramer [the complainant]." The prayers of the bill are that defendant be restrained "from entering upon the premises aforesaid......and from removing any culm or coal-dirt from the coal-dirt banks on the premises"; further, that he be ordered and directed to account and pay for that already taken. The bill was demurred to upon several grounds, among others, that its averments fail sufficiently to indicate the lack of an adequate remedy at law. The demurrer was sustained and the bill dismissed; the order to this effect is assigned for error.

In an opinion passing upon the various grounds of demurrer the learned court below very pertinently calls attention to the following facts: (a) That the sole averment of title or ownership contained in the bill is that plaintiff owned and possessed the land in question on the day the suit was instituted, July 2, 1917, whereas the only averment of any actual trespass committed is "on or about the 23d day of June" (year not given), it nowhere appearing that the plaintiff owned or possessed the land on the date last named; (b) That the first averment upon the subject is that defendant "removed the said coal-dirt or culm from said premises," thus suggesting the complete removal of the entire bank, whereas a subsequent averment is that the defendant threatens to "further remove from said premises the culm or coal-dirt above described," indicating that some of the culm still remains; (c) That there is nothing contained in the bill to give the court any idea of the amount or value of the culm removed or of that remaining which defendant threatens to remove; (d) That the gravamen of plaintiff's suit or complaint is not the intrusion of defendant upon the former's land, but the removal of this coal-dirt or culm therefrom, which latter is personal property; (e) That there is no allegation in the bill that defendant is financially irresponsible; and, finally, (f) That plaintiff does not allege and his averments do not indicate irreparable injury. On the facts as stated, the

court below reached the conclusion that, so far as the bill shows, any material harm done plaintiff, or loss suffered by him, could be compensated in damages; hence the bill was dismissed.

The appellant contends that, even though coal-dirt or culm may be personal property, the value of which can be readily ascertained, nevertheless he is entitled to an injunction to restrain defendant from committing what is known in the law as a continued, or continuing, trespass; that damages for taking the culm should be treated as incidental to this alleged cumulative trespass; and, finally, that he should not be put to a multiplicity of suits in order to gain relief. All of these matters raise the question of the sufficiency of the averments in plaintiff's bill to show jurisdiction in equity; and this we shall consider from the several standpoints above suggested.

"Equity will not restrain by injunction the commission of a mere, ordinary, or naked trespass" (22 Cyc. 827-8); but jurisdiction to enjoin the commission of what is known as a continued, or continuing, trespass is now well established. In Stevens v. Beekman, 1 Johnson's Ch. Rep. 318, the chancellor states: "Lord Eldon said that there was no instance of an injunction in trespass until a case before Lord Thurlow, relative to a mine, and which was a case approaching very nearly to waste, and where there was no dispute about the right. Lord Thurlow had great difficulty as to injunctions for trespass; and though Lord Eldon thought it surprising that the jurisdiction by injunction was taken so freely in waste, and not in trespass, yet he proceeded with the utmost caution and diffidence, and only allowed the writ in solitary cases, of a special nature, and where irreparable damage might be the consequence, if the act continued. It has also been allowed in cases where the trespass had grown into a nuisance, or where the principle of multiplicity of suits among numerous claimants was applicable (Mitchell v. Dors, 6 Ves. 147; Hansen v. Gardiner, 7 Ves. 305;

Smith v. Collyer, 8 Ves. 89)." With us, the 13th section of the Act of June 16, 1836 (1835-6), P. L. 784, p. 790, par. 5 (in connection with the Acts of February 14, 1857, P. L. 39), empowering the courts to prevent or restrain the commission or continuance of acts contrary to law and prejudicial to the interests of the community or the rights of individuals, confers sufficient equity jurisdiction in the premises; but, likewise, the broad and extensive powers there ordained are "limited" in their application, being confined to "those cases where there is no specific or adequate legal remedy": Bitting's App., 105 Pa. 517, 521.

We agree with the court below that, as averred, plaintiff's apparent complaint is not of an intrusion upon his real estate, but of the removal of the culm or coal-dirt therefrom, or the taking of his personal property; in fact, that is the only injury which he specifically alleges, and it can be fully redressed by damages, in a civil action at law. Moreover, if defendant is guilty of a felonious taking of plaintiff's personal property, the latter has the strong arm of the criminal law at his command to apprehend and effectually restrain the offender.

The bill does not make it at all clear a multiplicity of suits will be needed for full civil redress. "The fact that redress can be had only by a multiplicity of actions at law for similar and continued trespasses by one on the property of another, presents strong grounds in favor of the jurisdiction of a court of equity to grant an injunction" (10 R. C. L., p. 282, sec. 26) ; but "equity will not interfere to prevent a multiplicity of suits, if the bringing of one or many suits is a matter for complainant's election, there being no necessity for a multiplicity" (10 R. C. L., p. 281, sec. 24). Therefore it is essential that a plaintiff aver facts which clearly indicate such a necessity, if he desires to avoid the force of a demurrer on the ground of an adequate remedy at law. That is to say, it must appear from the facts averred the remedy at law is inadequate and incomplete (10 R. C. L., p. 417, sec.

173) ; otherwise the pleading is not sufficient to sustain jurisdiction in equity.

As to the contention that the case at bar should be treated as one of continuing trespass upon the real property of plaintiff, the injury from which is irremediable, and the taking of the culm considered in the nature of a mere incidental damage, we feel that the averments of the bill are entirely too indefinite and vague to convict the court below of error in refusing to take this view. In the first place, to obtain an injunction for the protection of real estate, it is usual for a complainant to aver his title with some degree of particularity (Whitelegg v. Whitelegg, 1 Bro. Ch. Rep. 50), so that, if his opponent desires to demur thereto or question it by way of answer, he may intelligently do so (10 R. C. L., p. 417, sec. 173) ; whereas here the averment on that point is not only most general but it entirely fails to show title or possession in plaintiff at the time the only trespass alleged is said to have been committed, and it omits to state the character of plaintiff's present possession—whether exclusive or otherwise. Then, again, there is no averment of any repetition of the alleged trespass; albeit, so far as the bill shows, the original wrong may have occurred anywhere from ten days to as many years prior to the institution of the suit. Finally plaintiff does not state when, where or under what circumstances the alleged threat to repeat was uttered or the terms thereof; so that a court might intelligently determine whether it made the case one for equitable relief, on the ground of a continuing trespass. A cumulative wrong or trespass of this character may be defined as a series of constantly recurring unlawful intrusions upon the land of another, which, although not exactly unceasing, can be fairly said to be continuous or permanent in nature. The averment before us may represent the mere unwarranted conclusion of the pleader that a continuing trespass was threatened; but if what was actually said were stated in some detail, it might become apparent that the utterance in question

did not amount to the expression of an intent to commit acts constituting such a wrong. The point we are now discussing is important, for, as the bill is drawn, considering the inconclusiveness of the averments relating to other material parts of the case, this alleged menace of a continuing trespass is the only circumstance present which might justify relief by way of injunction; and, as already said, the facts relating thereto are so insufficiently stated we would not be justified in ruling that the court below erred in refusing them controlling force.

We have examined the authorities cited by appellant on the subject of jurisdiction in equity to prevent recurring or continuing trespasses, and some more or less relevant additional cases disclosed by our own research, among others: Com. v. Pittsburgh & Connellsville R. R. Co., 24 Pa. 159; Denny v. Brunson, 29 Pa. 382; Scheetz's App., 35 Pa. 88, 95; Stewart's App., 56 Pa. 413, 422, 423; Masson's App., 70 Pa. 26, 30; Allison & Evans's App., 77 Pa. 221, 227; Pa. Lead Co.'s App., 96 Pa. 116, 123; Hacke's App., 101 Pa. 245, 249; Bitting's App., 105 Pa. 517; Douglass's App., 118 Pa. 65, 72; Pa. R. R. Co.'s App., 125 Pa. 189, 196; Westmoreland & Cambria Natural Gas Co. v. DeWitt, 130 Pa. 235, 251; Walters v. McElroy, 151 Pa. 549, 554-5; Evans v. Reading Chemical Fertilizing Co., 160 Pa. 209; Keppel v. Lehigh Coal & Nav. Co., 200 Pa. 649; Schmaltz v. York Mfg. Co., 204 Pa. 1, 21; Sullivan v. Jones & Laughlin Steel Co., 208 Pa. 540, 547; Mershon v. Walker, 215 Pa. 41; Hall v. Pa. R. R. Co., 215 Pa. 172; Berkey v. Berwind-White Coal Mining Co., 220 Pa. 65, 74; Com. v. Kennedy; 240 Pa. 214, 221; while all are enlightening, none of them is controlling here. In each of these cases, whenever an injunction is granted, or even suggested as a proper remedy, the facts relied upon plainly indicate a state of affairs which, in all probability, would give rise to interminable litigation, if prompt equitable relief were not granted; or they show either torts inherently of a permanent character or circumstances strongly suggesting

that the wrongs complained of would, in all probability, be repeated so continuously that, by reason of their persistency in this respect, they in effect would be permanent in nature, and so harassing as to amount to a harmful nuisance, the mischief or damage from which could be estimated only by conjecture—that is to say, would be incapable of measurement by any ordinarily accurate standard, or, in legal parlance, would be "irreparable"; and, in some of these cases, the facts relied upon show that the acts in question, if persisted in, would constitute a permanent use of, or would be ruinous to, or seriously interfere with the occupancy and enjoyment of, the plaintiff's real estate; others are instances of waste. The present bill does not bring the case at bar within any of these classes, hence the court below was justified in following Clark's App., 62 Pa. 447, and refusing an injunction; but error was committed in dismissing the bill. In this connection, the Act of June 7, 1907, P. L. 440, appears to have been entirely overlooked; thereunder, when it is determined upon demurrer "that the suit should have been brought at law," it immediately becomes the duty of the tribunal so deciding to "certify the cause to the law side of the court."

For the reason last given, and on that ground alone, the assignments of error are sustained, the decree is reversed, and the record is remitted to the court below with directions to reinstate the bill and certify the cause to the law side of the court, at the cost of plaintiff; the costs of this appeal to be paid by defendant.