## Baker v. Philadelphia & Reading Coal and Iron Co.

*Equity—Jurisdiction—Remedy at law—Culm—Mines and mining.*

1. A bill in equity for an injunction to prevent interference with the removal of culm from a culm bank, will not lie where the bill does not aver that the plaintiff is the owner of the real estate on which the culm has been placed.

2. Culm is personal property, and a bill in equity is not the proper remedy to prove title to it.

3. The plaintiff in such case has an adequate remedy at law by trespass to recover the value of the culm which the defendant has prevented him from taking.

Demurrer to bill in equity. C. P. Schuylkill Co., July T., 1921, No. 1.

*George W. Geise* and *George F. Brumm*, for plaintiff.

*John F. Whalen* and *George Ellis*, for defendant.

KOCH, J., Dec. 30, 1921.—The plaintiff avers that he owns certain large coal or culm banks located upon a number of lots in Donaldson, Frailey Township. Contemplating to take the coal out of said banks for the purpose of marketing the same, on April 14, 1921, he erected upon said banks a small building to be used as temporary living quarters and a tool-house during the progress of his operation. After he had completed said building and was in peaceful posses-

1 D. & C.

sion of and occupying the same, he was set upon at about 10.30 o'clock in the night-time by a number of armed men who represented themselves as special Philadelphia and Reading Coal and Iron Police, and he was forcibly ejected from the premises, and the said building was demolished and carried away. He avers that the said ejectors entered upon said banks and, as an armed guard, prevented the complainant's return to the banks, and that by relays of armed men his return to the banks is still being prevented. The plaintiff also avers that the defendant has no warrant or authority for entering upon said banks or for preventing him from occupying or using the said coal or culm as he sees fit. The prayer of the bill is for an injunction.

The defendant has demurred to the bill, and for causes of demurrer avers as follows:

"1. The bill does not state how Harry Baker became the owner of the culm banks referred to therein, or how his title thereto was acquired, or that he owns the ground on which the culm banks are located.

"2. It does not appear from the averments in the bill of complaint that the complainant has not an adequate remedy at law, or that he will sustain irreparable injury. There is no allegation of irreparable injury.

"3. If complainant was forcibly ejected from the premises, he has a remedy at law for such forcible ejection.

"4. The bill is not sufficient to warrant the granting of an injunction.

"5. The bill of complaint does not set forth sufficient to warrant equitable relief.

"6. A court of equity will not interfere by injunction on a bill whose averments are as meager as those in the present bill in equity.

"7. The bill of complaint indicates clearly that an adequate remedy at law exists.

"8. The bill of complaint does not aver that the defendant is not financially responsible."

The demurrer clearly raises the question of jurisdiction in this case in a court of equity, and the Act of June 7, 1907, P. L. 440, obliges us to decide that question in limine. For, in effect, the demurrer avers "that the suit should have been brought at law," although no averment in the demurrer is couched in those words.

The ownership of the lots upon which the culm is located is not made to appear. The complainant nowhere in his bill of complaint makes any averment of title to the lots in himself, nor does he show by what right he entered upon the lots and erected thereon the building referred to. He fails to name any of the persons who ejected him and demolished his building. Nor does he directly say that the defendant company, by its officers, agents or employees, committed the wrong complained of. He only complains that the men who did the injury represented themselves "as special Philadelphia and Reading Coal and Iron Police." He does not aver that they were or are such police, or that they were or are acting under and by the directions of the only defendant named in this case, to wit, the Philadelphia and Reading Coal and Iron Company, which in its demurrer avers that it can show it is not the party who did the acts complained of in the bill of equity.

The complainant ought to show some right of entry upon the lots described in his bill of complaint. His bill leaves us wholly in the dark on that subject. When he presented his bill, together with two injunction affidavits and an injunction bond, and asked us to restrain the defendant "by writ of preliminary injunction until hearing and perpetually thereafter from maintaining the aforesaid guard of special police," we declined so to do, stating verbally

our reasons therefor, but we directed a rule to issue to the defendant to show cause why a writ of preliminary injunction should not be issued. The complainant's right to the order prayed for did not appear to be clear to us, and it is only in a clear case that a chancellor should make a restraining order: Minnig's Appeal, 82 Pa. 373. For aught we know, the plaintiff may have no right of entry whatever upon the lots in question, and if he has none, then the owner of the lots may prevent his entry upon the land and may take down and remove therefrom whatever the plaintiff unlawfully erects thereon, if no breach of the peace be committed in such taking down and removal. An owner of land is not obliged to stand silently by and let a stranger enter upon his land to do as he pleases there. It may have been in the exercise of such right that the real owner of the Donaldson lots personally employed special police to do for him what he hesitated or feared to do himself.

Now if, perchance, the plaintiff owns the lots as well as the culm banks, and several persons have entered upon and taken and hold possession thereof under a claim of right and title or otherwise, an action of ejectment offers an adequate remedy at law; whereas, if they have committed only certain acts of trespass, the Common Pleas offers an ample remedy for that; and the criminal court is not without cognizance in an action in the form of forcible entry and detainer or malicious mischief to punish those offences.

If this case is intended to try the title to the coal bank, the plaintiff has mistaken his remedy. Coal dirt or culm is personal property (The Lehigh Coal Co. v. Wilkes-Barre and Eastern R. R. Co., 187 Pa. 145), and a court of equity rarely takes cognizance of the misappropriation of, injuries done to or threatened against personal property, especially where the lack of financial responsibility is not averred. See Kramer v. Slattery, 260 Pa. 234, and 13 Schuyl. Legal Rec. 302. If the plaintiff owns the culm, but not the land upon which it is located, and he has no lawful right to enter the land to remove culm, he still has a right to arrange with the owner for permission to enter the land for the purpose of removing the culm, and if the owner should refuse permission upon request made, under proper conditions, such refusal would be evidence of conversion, and an action of trespass (formerly trover) would lie to recover the value of the culm: Lykens Valley Coal Co. v. Dock, 62 Pa. 232. Nor does one lose title to personal property just because that property may happen to be located on another's land: Russell v. Howe, 30 Pa. Superior Ct. 591.

If parties playing at ball were to bat the ball into another's man's garden or grain field, the owner's title to the ball would not be lost thereby, nor would the title to the ball pass to the owner of the garden or the field; and if the owner of the garden or the field arbitrarily refused the owner of the ball permission to recover the ball, or refused to give up the ball, it would be evidence of conversion, and an action would lie to recover the value of the ball. Surely the owner of the ball could not obtain an order from a court of equity to restrain the owner of the garden or the field, were the latter owner to threaten to prevent the former owner from entering the garden or the field without the latter owner's consent.

I consider the second cause of demurrer as futile, because the 17th equity rule says, concerning structure of a bill in equity, that "the combination clause, the interrogatories and the allegation of want of remedy at law and similar averments shall be omitted." Therefore, it was not necessary that the plaintiff allege the want of an adequate remedy at law or that he will sustain irreparable injury. As in the case of Kramer v. Slattery, 260 Pa. 234, the subject-matter of the bill in this case relates to culm or coal dirt and not

1 D. & C.

real estate, and it is, therefore, not properly cognizable in a court of equity. Therefore, we shall make an order conformably to the requirements of the Act of June 7, 1907, P. L. 440, and certify the case over to the Common Pleas.

And now, Dec. 30, 1921, it is decided that the suit in this case should have been brought at law, and the case is hereby certified to the law side of the court, at the costs of the plaintiffs.

From M. M. Burke, Shenandoah, Pa.