## Campbell v. Duggan-Rider Company et al.

*Party-wall—Building laws—Trespass—Adverse possession—Injunction—Equity—Damages.*

1. A court of equity will interfere to restrain by injunciton a trespass of a permanent nature.

2. In such case, it is not necessary that it be shown that the trespass will result in damages which are irreparable in the ordinary sense.

3. While equity will not assume jurisdiction to try a disputed question of title to land, yet where the evidence is such that if submitted to a jury only a finding in favor of the plaintiff could result, equity will intervene and enjoin an interference.

4. In the nature of the rights of the parties incident to the ownership of a party-wall, neither can acquire an easement by the use of the wall or any part thereof inconsistent with the rights of the other.

5. If a party-wall in contemplation of law, irrespective of its actual extent on the ground, runs through the entire length of the line dividing the two properties, then the part of the facing of the building in question becomes a part of the wall and may be removed.

6. If, however, the facing is a part of the front wall of a plaintiff's building, and not of the party-wall, an extension of the front wall on defendant's land, acquiesced in for the statutory period, will give title to plaintiff for the land conveyed by the extension.

*Equity practice—Amendment—Not allowed after final hearing.*

7. Where an amendment to a bill in equity is moved and objected to, and the hearing is continued without any disposition of the amendment having been made, the court will not allow the amendment after the hearings have been closed.

Bill in equity for an injunction. C. P. Erie Co., Feb. T., 1924, No. 6.

*Marsh & Taton,* for plaintiff; *Brooks, English & Quinn,* for defendant.

HIRT, J., Jan. 5, 1924.—This is an action in equity before the court on bill, answer, replication and testimony to restrain the defendants from removing the footings under a party-wall and also to enjoin them from removing so much of the facing of the front wall of plaintiff's building as extends on to the premises owned by defendants. A preliminary injunction issued on Dec. 18, 1923, and, after hearing, was continued until further order.

### Findings of fact.

1. Plaintiff and defendants, Duggan-Rider Company, are the owners of adjoining pieces of land, situate on the east line of State Street, in the City of Erie, Pennsylvania. The conveyance to plaintiff describes her land as fronting 22 feet on State Street from the north line of 8th Street. The conveyance to defendants, Duggan-Rider Company, describes the land conveyed to it as beginning at a point 23 feet north of the north line of 8th Street, extending thence northwardly 23 feet 10 inches. Both pieces of land have a uniform depth of 100 feet.

2. Pursuant to the Act of April 16, 1857, P. L. 222, the regulators of party-walls for the City of Erie, on June 23, 1866, made the following order with reference to the location and erection of a party-wall:

"We, the undersigned, Regulators of Party Walls for the City of Erie, having examined the premises and learning that Orange Noble desires to erect a valuable brick building on the first Twenty-three (23) feet of ground on the east side of State Street and on the north side of Eighth Street, hereby direct that the said Orange Noble may occupy eight (8) inches of the property adjoining said 23 feet for the purpose of constructing a Party Wall to be not less than sixteen inches in thickness and otherwise conforming to the law in such cases made and provided."

3. In pursuance of the above direction, a 16-inch party-wall was erected, beginning at a point 8 inches east of the east line of State Street, extending thence eastwardly, the centre line thereof being 23 feet north of and parallel with the north line of 8th Street.

4. For more than forty years there was a building (known as the Keystone Bank Building) on the premises of plaintiff, occupying the entire lot between the north line of 8th Street and the party-wall, and supported by the party-wall. The front wall of the Keystone Bank Building extended 23 feet 8 inches north of 8th Street, and the northernmost portion thereof consisted in a pilaster constructed of stone, extending over the whole of the end of the party-wall. This pilaster occupied not only the entire space between the west end of the party-wall and the street-line, but also extended beyond the property-line into the street.

5. In April, 1916, the Keystone Bank Building was removed and the present building of plaintiff erected, and, without objection from the then owners of the premises adjoining, plaintiff built the facing of her front wall along the line of State Street and from State Street 8 inches to the west end of the party-wall, and thence northwardly, covering the full face of the party-wall, a part of the space occupied by the pilaster of the former building.

6. On Nov. 16, 1915, the predecessors in title of Duggan-Rider Company entered into an agreement in writing with plaintiff, which agreement acknowledges that plaintiff is the owner of "23 feet or thereabouts" on State Street, and that the party-wall is "jointly owned by the parties and located equally on the lands of both." The agreement relates to the construction of additional footings for the wall and plaintiff's right to channel the wall for the installation of columns for the support of her building. The agreement is silent as to the plaintiff's right to extend the front of the wall of her building over the entire end of the party-wall.

7. The occupation of plaintiff and her predecessors in title of the space 8 inches square between the north end of the party-wall and the street-line on the premises of the defendant, Duggan-Rider Company, as a portion of the front wall of the building on the premises of plaintiff for upwards of forty years has been open, notorious, adverse and continuous.

8. Defendant, Duggan-Rider Company, is remodeling its building and purposes to extend the front wall of its building southwardly to the centre of the party-wall, and is about to remove so much of the front wall of plaintiff's building as extends beyond the centre line of the party-wall.

9. The front wall of plaintiff's building is of symmetrical design, and immediately above the street level is paneled with ornamental stone work, and the removal of 8 inches of the facing of the building will mar the architectural effect, though it will not weaken the structure nor affect its untility.

### Discussion.

We are not concerned with the fact that the deeds to plaintiff and to her predecessors in title describe the land as fronting 22 feet only on State Street.

Campbell v. Duggan-Rider Company et al.

If there ever was a doubt as to plaintiff's title to the full 23 feet to the centre of the party-wall, that doubt is resolved in her favor by the testimony of the action of the party-wall regulators in 1866, in locating the wall, pursuant to the Act of 1857, "equally upon the lands" of the adjoining owners (Western National Bank's Appeal, 102 Pa. 171), as well as by the adverse and continuous occupancy of the full 23 feet by the building of plaintiff and that of her predecessors for forty years or more, and by the agreement referred to in the 6th finding above. Proof of plaintiff's title to the centre line of the party-wall, therefore, is clear. Testimony to the effect that defendant is about to remove a portion of the footings of the wall is wanting, and the sole question remaining, therefore, involves plaintiff's right to extend the facing of her building 8 inches on to defendant's land and over the entire end of the party-wall.

It is defendant's position that the injunction should not have issued, and, therefore, should be dissolved for the following reasons: First, irreparable damage has not been done; second, title beyond the extension of the centre line of a party-wall cannot be gained by prescription; and, third, the proposition involves a novel and doubtful legal question.

If plaintiff has acquired title to the land occupied by the facing of her building, the injunction was properly issued, for it is settled that a court of equity will interfere to restrain by injunction a trespass of a permanent nature; for such case, an action for damages would not be an adequate and effectual remedy. That a complainant may recover damages at law is no answer to an application for an injunction against the permanent appropriation of his property: Masson's Appeal, 70 Pa. 26. And where a trespass of a permanent nature is proven, it is not necessary that it be shown that the trespass will result in damages which are irreparable in the ordinary sense. If an injury is continuous, it can well be regarded as irreparable, calling for the interference of equity by the exercise of its restraining powers: Sullivan v. Jones & Laughlin Steel Co., 208 Pa. 540. "The argument that there is no irreparable damage would not be so often used by wrongdoers if they would take the trouble to observe that the word 'irreparable' is a very unhappily chosen one, used in expressing the rule that an injunction may issue to prevent wrongs of a repeated and continuing character, or which occasion damages which are estimable only by conjecture and not by any accurate standard:" Com. v. Pittsburgh & Connellsville R. R. Co., 24 Pa. 159. This is a leading case and has been followed without exception, as far as we have been able to find, notably in an exhaustive discussion by Mr. Justice Moschzisker in Kramer v. Slattery, 260 Pa. 234.

Keystone Bank Building was erected about 1870; the party-wall was built of sand-mold brick, a material easily distinguished from other building material, and this party-wall did not extend through the entire length of the dividing-line between the two properties, but the west end thereof is clearly shown to terminate 8 inches from the west property-line. Without objection, as far as the testimony shows, the facing of the front wall of the Keystone Building was erected and has been continuously maintained since that time across the whole of the end of the party-wall. In 1916 the present building was erected by plaintiff, and, without objection from defendant's predecessor, the facing of this building was similarly extended across the whole end of the party-wall, in part replacing the facing removed from the old building. There was nothing secretive about the operation. The wall was built openly and the encroachment was obvious. The agreement of Nov. 16, 1915 (6th finding of fact, *supra*), has no material bearing, for from the terms of this agreement

Campbell v. Duggan-Rider Company et al.

it may be argued with equal force either that the right was not conceded or that it had been recognized long since. The fact is clear and undisputed, from all the testimony, that for upwards of forty years plaintiff and her predecessors occupied the land in question (about 8 inches square) and that the occupancy was open, adverse and continuous. If, therefore, plaintiff can acquire title to the land in question by adverse occupancy, that right has been clearly established and injunction is the proper remedy. The testimony is such that if submitted to a jury only a finding in favor of plaintiff's right to the land could result. It would be idle, therefore, to refuse an injunction pending an action at law to determine the question of title based upon clear and undisputed testimony: Manbeck v. Jones, 190 Pa. 171.

The question remains, then, Is plaintiff's right to the use of the land in question doubtful under the law and the pleadings?

The general rule is that the owners of a party-wall standing in part upon the land of each are not tenants in common of the wall, but each owns in severalty so much thereof as stands upon his land, subject to the easement of the other owner for its support and the equal use thereof as an exterior wall of his buildings: 30 Cyc., 772. The same principle applies where the party-wall does not extend one-half upon each of the adjoining parcels of land: 30 Cyc., 773. Each adjoining owner of a party-wall has the right to its use in the improvement of his property, but he cannot subject it to a servitude foreign to its use as a party-wall: 30 Cyc., 784. These principles are recognized in many cases. In the nature of the rights of the parties incident to ownership of a party-wall, neither can acquire an easement to the use of the whole wall, or any part thereof, inconsistent with the rights of the other; the only easement therein is one of support to the wall of his neighbor.

If a party-wall in contemplation of law, irrespective of its actual extent on the ground, runs through the entire length of the line dividing the two properties, then the part of the facing of the building in question became a part of the party-wall and defendant may remove it. If, however, the facing in question is a part of the front wall of plaintiff's building and not of the party-wall, an extension of the front wall on defendant's land, acquiesced in for the statutory period, will give title to plaintiff for the land covered by the extension. This precise question was referred to in Scranton Gas Co. v. Hulbert, 4 Lacka. Jurist, 253, but has not been determined in Pennsylvania, as far as we have been able to discover. One phase of the question appears to have been decided elsewhere. "The land in front of a party-wall between that and the line of the street is to be exclusively enjoyed by its owners, free from any burden or easement growing out of a simple party-wall agreement or created by statute, and is to be occupied by the adjoining owners according to the boundary-lines of their lots for the extension of their fronts:" 30 Cyc., 787; Johnson v. Minnesota Tribune Co., 91 Minn. 476, 98 N. W. Repr. 321; McLaughlin v. Cecconi, 141 Mass. 252, 5 N. E. Repr. 261.

Defendant cites Jackman v. Rosenbaum, 263 Pa. 158, with emphasis upon the controlling proposition in that case as stated by Mr. Justice Moschzisker (page 172), as follows: "The strip of land, the middle of which constitutes the dividing-line between the properties of plaintiff and defendant, was dedicated, in theory of law, to party-wall use; and when so desired by either of the respective owners, neither could, without the consent of the other, prevent its occupation for that purpose." If this statement of the law means that the facing of the front of the building in question is a part of the wall on the strip of land so dedicated, then plaintiff has no ground for complaint.

Campbell *v.* Duggan-Rider Company et al.

We incline to the view, however, that the above principle of law must be applied with reference to the particular facts in that case, and that it was not intended as a controlling proposition of law, applicable to all controversies between adjoining buildings where a party-wall is involved. The question here raised was not in that case. The front wall of a building is a unit of construction in itself, standing on its own footing and is not dependent on the party-wall for support, though tied into it; and if this is true, the facing of the front wall is not a part of the party-wall. This is our opinion; it does not, however, rise to a conviction free from doubt.

So much for the merits of the case.

The pleadings and the issue raised thereby present a material question. The bill filed by plaintiff avers that the part of the front facing in question "became and was a part of the party-wall." In the final hearing, plaintiff made a formal motion for leave to amend her bill by striking out the averment above quoted. The amendment was objected to by defendant, and a rule to show cause was granted on the motion. This rule was not disposed of at the close of the final hearing. On the authority of Muehlhof *v.* Boltz, 215 Pa. 124, the amendment cannot be considered now. "Where an amendment to a bill in equity is moved and objected to, and the hearing is continued without any disposition of the amendment having been made, the court will not allow the amendment after the hearings have been closed."

### Conclusions of law.

1. Plaintiff's right to a permanent injunction is not clear and free from doubt on the law and the pleadings, and a permanent injunction should be refused.

2. The bill should be retained.

### Order.

And now, to wit, Jan. 5, 1924, the preliminary injunction heretofore granted and continued is dissolved, and the prothonotary is directed to enter a decree *nisi* in accordance with this opinion, to become absolute unless exceptions are filed *sec. reg.*

Opinion on exceptions.

ROSSITER, P. J., March 31, 1924.—The real inquiry here resolves itself into a very narrow compass, which, divested of collateral issues and ingenious but confusing argument, is: "Is land not occupied by a party-wall, but contiguous to and in line with it and belonging to the respective owners of it, exempt from those easements and prescriptions which may result to other lands not so situated?" The simplest illustration will illumine: If A and B own contiguous lots, 100 feet in depth, and build a party-wall 50 feet long and 16 inches wide, for what does either secure rights in 8 inches of the contiguous land of the other not covered by that wall? Certainly not the same right that is incident to the wall, viz., an easement of support; for if that was true, no wall would be necessary, and if not that, then there is nothing left to acquire; hence, such land is just as open and subject to be fettered by an easement or prescriptive right as any other land. Here, the evidence is undisputed that the party-wall ended 8 inches east of the property-line, and this 8-inch space between the property-line and the party-wall was used and occupied by the plaintiff and his predecessors in title openly, notoriously, adversely and continuously for upwards of forty years, and that when the building, a part of which had occupied this space for all this time, was torn down and a new

Campbell v. Duggan-Rider Company et al.

building erected in its place, a part of which occupied the same space, the then owners or their legal representatives stood silently by, saw the new building erected and the same space appropriated to the use of the new building without complaint or protest. Surely, then, with these facts established, plaintiff has more than an easement in the 8 inches; he has a prescriptive right therein, and the defendant is estopped from denying it; and there being evidence to sustain all of the findings of facts and the law supporting the legal conclusions reached, excepting, in my opinion, the second, all defendant's exceptions should be dismissed. As to the plaintiff's exceptions, I would reinstate the injunction and make it perpetual; but as I disagree with my learned colleague only as to the expediency of the present remedy, I defer to his judgment and concur in the order made.

PER CURIAM.—And now, to wit, March 31, 1924, the exceptions filed by plaintiff on Jan. 11, 1924, and the exceptions filed by defendant on Jan. 14, 1924, are dismissed and the prayer of plaintiff for a permanent injunction is refused. The bill is retained.          From Otto Herbst, Erie, Pa.