## Smith v. Epstein.

*Equity—Injunction—Building restrictions.*

1. The failure to object to an encroachment of a dwelling over a building-line should not estop one from protesting against such encroachment of a garage in the same neighborhood.

2. If the injury is wrongful and if it be of a continuing or permanent character, equity will afford relief, even if the damages are speculative or unascertainable by accurate standards.

3. The erection of a garage over the building-line designated by a deed restriction will be enjoined.

Motion to continue temporary injunction. C. P. Lehigh Co., Oct. T., 1924, No. 2, in Equity.

*Fred B. Gernerd,* for plaintiffs; *Aubrey, Steckel & Senger,* for defendant.

RENO, P. J.—The garage in course of erection projects beyond the conventional building-line on Tilghman Street and its completion must be enjoined. The deeds offered in evidence show so clearly the existence of a covenant creating a building-line that the chancellor cannot doubt complainants' right to relief.

It is true that the complainants, or their predecessors in title, permitted Charles O. Hunsicker to violate the covenant when he erected the houses on Twelfth Street, one of which extends along Tilghman Street beyond the building-line designated by the deed restrictions. But we do not regard this an abandonment of the restriction. The encroachment for dwelling-house purposes is conceivably for a different purpose than is involved in the erection of a garage, and the failure to object to an encroachment by a dwelling should not estop one from protesting against a garage. Besides, the erection of the Hunsicker houses violated that portion of the line extending from Twelfth Street to what is now known as Blank Street, leaving the line between Blank and Jefferson Streets, where the garage is situate, inviolate and, therefore, unabandoned. *Cf.,* 18 Corpus Juris, 402.

Assuredly, the erection of the garage will cause irreparable damage. It is a mistake to suppose that the phrase "irreparable damage," as used frequently in cases involving the law of injunction, refers only to injuries which are beyond the possibility of compensation of damage. The fact that the damages

are small, or even that no actual damage can be proved, so that in an action at law for damages the jury could award nominal damages only, so far from ousting the chancery courts, frequently furnishes controlling reasons for the intervention of equitable relief. If the injury is wrongful, and it· be of a continuing or permanent character, equity will afford relief, even if the damages are speculative or unascertainable by accurate standards: Com. v. P. & C. R. R. Co., 24 Pa. 159; Philadelphia Ball Club v. Lajoie, 202 Pa. 210. The fact, therefore, that the damages for the invasion of complainants' right, recoverable in a court of law, are slight need not deter us from granting equitable relief.

Now, July 12, 1924, the motion to continue the temporary injunction until final hearing is sustained and the temporary injunction is continued accordingly.                                 From Calvin E. Arner, Allentown, Pa.