## Berkemeyer v. Traub

*James C. Lanshe,* for plaintiffs.
*Harry P. Creveling,* for defendants.

HENNINGER, P. J., September 29, 1959.—Plaintiffs and defendants are adjoining property owners. Defendants operate a market and receive delivery of materials by truck through an alley on defendants' property, adjacent to plaintiffs' building. With a constricted space for maneuvering, those trucks frequently strike plaintiffs' building causing damage to it, wherefore this complaint in equity to restrain defendants from permitting use of this alley by its suppliers.

Defendants filed preliminary objections: (1) By way of demurrer upon the grounds (a) no continuing trespass, (b) defendants not responsible for the acts of their business visitors and (c) actions complained of are not unlawful; (2) an adequate remedy at law.

In our opinion, defendants' contention that they cannot be held for the actions of their business visitors is answered by §836 of A. L. I. Restatement of the Law of Torts, which reads as follows:

"(1) A possessor of land is liable for an invasion of another's interest in the use and enjoyment of other land, occurring while the possessor is in possession, caused by an activity carried on by a third person other than his servant or independent contractor on the possessor's land, if the possessor would be liable under the rule stated in §822 had the activity been carried on by him, and if,

"(a) he consented to the activity, and

"(b) he should have known when he gave his consent that the activity necessarily involved such an invasion."

Section 822 of A. L. I. Restatement of the Law of Torts, reads as follows:

"The actor is liable in an action for damages for a non-trespassory invasion of another's interest in the private use and enjoyment of land if,

"(a) the other has property rights and privileges in respect to the use or enjoyment interfered with; and

"(b) the invasion is substantial; and

"(c) the actor's conduct is a legal cause of the invasion; and

"(d) the invasion is either

"(i) intentional and unreasonable; or

"(ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless or ultrahazardous conduct."

We must assume that plaintiffs have the right to prevent a neighbor from crossing their property and from striking it.

Plaintiffs plead that the structure of their building has been weakened, which we would take to be substantial damage.

Plaintiffs state that the damage is caused by defendants' suppliers. With no implication of malice, the actions are intentional and in the light of the damage caused to another, unreasonable and, at the least, negligent.

Under §836, defendants consented to the activity to their suppliers and having been entreated to cause them to desist, they knew of the danger.

Defendants cite Kramer v. Slattery, 260 Pa. 234, for the proposition that there is an adequate remedy at law. That case, however, involved the continual taking of personal property from the land with no injury to the real estate itself. Here there is a continuing trespass causing damage to the real estate itself, with the threat of future more serious damage. Plaintiffs need not sue from time to time, trying to prove what damage occurred between suits and awaiting patiently for the final suit when the building collapses. Any remedy at law, therefore, would be entirely inadequate.

In that very case, Kramer v. Slattery, supra, it is stated, page 238:

" 'Equity will not restrain by injunction the commission of a mere, ordinary, or naked trespass' (22 Cyc. 327-8) ; but jurisdiction to enjoin the commission of what is known as a continued, or continuing, trespass is now well established."

Now, September 29, 1959, defendants' preliminary objections are dismissed and it is ordered that defendants answer over on the merits within 20 days after service of this order upon their counsel.